[No. B098060. Second Dist., Div. Two. July 26, 1996.]

In re DANIEL M. on Habeas Corpus.

**Counsel**

Michael P. Judge, Public Defender, Albert J. Menaster, Jason Rubel and Lisa Greer, Deputy Public Defenders, for Petitioner.

No appearance for Respondent.

Gil Garcetti, District Attorney, Brentford Ferreira and Fred Klink, Deputy District Attorneys, for Real Party in Interest.

**Opinion**

**BOREN, P. J.**—Daniel M. has petitioned this court for a writ of habeas corpus directing the juvenile court to set aside its December 12, 1995, order redetaining petitioner.

### I. Factual and Procedural Background

Petitioner was born on July 20, 1977. On July 25, 1994, he was declared a ward of the juvenile court, and ordered to complete a program of camp-community placement. Upon his release from camp, he was ordered to

appear in juvenile court on August 24, 1995, for a progress report on his compliance with the terms and conditions of his probation. However, a nonappearance probation officer's report, dated June 27, 1995, indicated that petitioner's father was unaware of petitioner's whereabouts and that he suspected petitioner of being in possession of a firearm. On June 27, 1995, an arrest warrant was issued, and the August 24, 1995, progress report date was advanced and vacated.

Petitioner was arrested on the warrant on Saturday, December 2, 1995, and transferred to juvenile hall for housing. On December 6, 1995, he was transported to department 240 of the juvenile court. The arrest warrant, issued June 27, 1995, was recalled, and petitioner's case was continued to December 11, 1995, for arraignment on a supplemental petition to be brought pursuant to Welfare and Institutions Code section 777, subdivision (a).[1]

On Monday, December 11, 1995, petitioner appeared, in custody, in juvenile court. The probation department had not, as of that date, filed a supplemental petition. Petitioner, through counsel, requested his immediate release pursuant to California Rules of Court, rules 1431(d) and 1470. The juvenile court released petitioner from custody on his own recognizance, and ordered that he return the following day, Tuesday, December 12, 1995, for arraignment on a supplemental petition.

On December 12, 1995, the probation department filed a three-count supplemental petition alleging that petitioner violated the terms of his probation by failing to report to his probation officer by telephone, attend two substance abuse meetings per week, and appear in juvenile court as ordered. Based upon these allegations, the supplemental petition sought to establish that petitioner's home-on-probation status had been ineffective in rehabilitating him, and that a new and different dispositional order, to wit, suitable placement, should be entered.

On December 12, 1995, petitioner appeared in juvenile court for his rescheduled arraignment on the supplemental petition, and entered a denial. Over petitioner's objection, the juvenile court redetained him, opining, in effect, that the mere filing of the supplemental petition itself constituted a change of circumstances justifying such action. The juvenile court set a detention rehearing for December 18, 1995, and an adjudication on the supplemental petition for January 3, 1996. On December 15, 1995, petitioner filed this petition seeking habeas relief.

---

[1]All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

On January 4, 1996, the supplemental petition was sustained, and a disposition hearing was set for January 17, 1996. On that date, petitioner was ordered placed in camp.

## II. DISCUSSION

### A. *Contentions*

■ Petitioner contends, "the probation department's failure to file the supplemental petition within 48 hours of [his] arrest (excluding non-judicial days) entitle[d] [him] to immediate release from custody," and "the juvenile court abused its discretion in redetaining [him] at the time of his arraignment on the pending supplemental petition."

The People contend that because petitioner "is no longer being detained on the basis of the December 12, 1995 order . . . the issue of the legality of that order is moot."

Because of the recurring nature of the problem and because of the importance of the issue, we have decided to consider this matter. (*Green* v. *Superior Court* (1974) 10 Cal.3d 616, 622, fn. 6 [111 Cal.Rptr. 704, 517 P.2d 1168].)

### B. *Supplemental Petition*

California Rules of Court, rule 1470(a) sets forth the applicable time limit for filing an ordinary section 602 petition to detain: "A child shall be released from custody within 48 hours, excluding nonjudicial days, after first being taken into custody unless a petition has been filed, either within that time, or prior to the time the child was first taken into custody."

By operation of California Rules of Court, rule 1431(d), the above 48-hour time limit is also applicable to a supplemental petition filed pursuant to section 777, subdivision (a).

We review the interpretation of the foregoing rules de novo. (See *Jefferson* v. *Compton Unified School Dist.* (1993) 14 Cal.App.4th 32, 37-38 [17 Cal.Rptr.2d 474].) The intent of the drafters must be ascertained from the language of the rules, and where the language is clear and unambiguous, there is no need for construction, and we are not permitted to indulge in it. (*Farnow* v. *Superior Court* (1990) 226 Cal.App.3d 481, 485 [276 Cal.Rptr. 275].)

The language of California Rules of Court, rules 1470 and 1431, is clear. The probation department was required to file the supplemental petition

within 48 hours—excluding nonjudicial days—of petitioner's arrest on the warrant.

*In re Ryan B.* (1989) 216 Cal.App.3d 1519 [265 Cal.Rptr. 629] (*Ryan B.*) is dispositive of this issue. In that case, the juvenile court ordered a minor detained at the time of his noncustodial appearance on a petition brought pursuant to section 777, subdivision (a). The detention order was based on the minor's alleged violation of a court order. (216 Cal.App.3d at p. 1522.) The *Ryan B.* court found that in order to detain a previously released juvenile court ward, the court must find some new or previously undiscovered facts that warrant detention, and proceed under specific statutory authority or issue a bench warrant. According to the *Ryan B.* court, there are no other methods by which to detain a previously released minor. (*Id.* at p. 1527.)

The record reflects that petitioner was arrested on an arrest warrant on Saturday, December 2, 1995, at 1:05 a.m. Excluding the remainder of Saturday, December 2, 1995, and Sunday, December 3, 1995, as nonjudicial days, 48 hours from petitioner's arrest elapsed on the morning of Wednesday, December 6, 1995. Petitioner was released on December 11, 1995, due to the probation department's failure to meet the statutory filing deadlines imposed by joint operation of California Rules of Court, rules 1431(d) and 1470. Petitioner had been free on his own recognizance for less than 24 hours when he came back to court, out of custody, for arraignment on the supplemental petition filed December 12, 1995. The supplemental petition was not filed until three judicial days (or six calendar days) beyond the statutory filing deadline. The juvenile court was not in possession of newly discovered facts that warranted redetention at the time of petitioner's arraignment. Petitioner was, therefore, entitled to release at the time of his first appearance in department 240, on December 6, 1995.

*In re Robin M.* (1978) 21 Cal.3d 337 [146 Cal.Rptr. 352, 579 P.2d 1] (*Robin M.*) bolsters our conclusion. In that case, a delinquency petition was filed in the juvenile court alleging that a minor came within the court's jurisdiction under section 602. Following a detention hearing, the minor was ordered detained in the juvenile hall. At the time set for the jurisdiction hearing, the prosecutor indicated he was unable to proceed and requested a continuance. The court denied the motion, dismissed the petition without prejudice for lack of prosecution, and released the minor from custody. On his return to juvenile hall, the minor was re-arrested, and several days later a second petition, virtually identical to the dismissed petition, was filed against the minor. A detention hearing was held, and the trial court ordered the minor detained. (21 Cal.3d at pp. 340-341.)

After a date was set for a jurisdiction hearing, the minor filed a request for the issuance of a writ of habeas corpus and his release from custody pending

the jurisdiction hearing, on the ground that a minor who has been detained in custody on a petition filed against him is entitled to have his jurisdiction hearing within 15 judicial days of his detention hearing. (*Robin M.*, *supra*, 21 Cal.3d at p. 341.)

Our Supreme Court denied the writ since the minor was no longer confined under the prejurisdiction hearing detention order. However, the court held that a juvenile detained in preadjudication custody for the maximum period allowed by law must be released from such detention, whether the jurisdiction hearing is continued or a new petition is filed based on the same transactions. (*Robin M.*, *supra*, 21 Cal.3d at pp. 347-348.)

In so holding, the *Robin M.* court noted that detention is the exception, not the rule (*Robin M.*, *supra*, 21 Cal.3d at p. 340, fn. 2), and concluded that time limits on hearings and detentions are to be strictly followed so as to avoid the excessive and unwarranted detention of children. (*Id.* at pp. 342-343.)

Our Supreme Court criticized the procedure utilized by the prosecutor to avoid the release of the minor after 15 judicial days, i.e., filing a new petition based on the same transaction and, after a detention hearing on the second petition, detaining the minor for a new period of 15 judicial days. The court held that such a procedure completely frustrated the Legislature's purpose in strictly limiting preadjudication detention. (*Robin M.*, *supra*, 21 Cal.3d at p. 345.) The court suggested that when a minor is to be released from further detention because his jurisdiction hearing will not commence within 15 judicial days of his detention hearing, the petition against him should not be dismissed. Rather, the minor should be discharged from custody, the petition reset for hearing within the time prescribed for cases of nondetained minors, and continued thereafter as sanctioned by the statutes governing nondetention cases. (*Id.* at pp. 346-347.)

Petitioner was not, of course, denied the right to have his adjudication within 15 judicial days of the initial detention hearing as was the minor in *Robin M.* The *Robin M.* decision underscores, however, the strict statutory construction to be accorded the time limits set forth in those rules of court dealing with the filing of supplemental petitions.

C.   *The Age of Majority*

The fact that petitioner had reached the age of majority by the time of his arrest on the juvenile warrant was not a factor which the juvenile court was allowed to consider in determining whether to release petitioner following the probation department's failure to timely file the supplemental petition.

Although California Rules of Court, rules 1470 and 1431 refer to the "child," it is clear, within the context of the California juvenile court scheme, that the rights mandated by these rules are bestowed upon any person who is subject to wardship proceedings pursuant to section 602, even after that person has attained the age of majority. Nothing contained within the Welfare and Institutions Code suggests otherwise.

What the Welfare and Institutions Code suggests is that once the juvenile court asserts jurisdiction over a minor pursuant to those provisions of the code governing the detention of minors, the court may not abandon the procedures set forth therein because the minor has attained the age of majority prior to the conclusion of the juvenile court proceedings. To hold otherwise, we believe, would open a pandora's box of equal protection concerns, especially because the time constraints and bail provisions set forth in the Penal Code concerning criminal prosecutions do not apply to juvenile proceedings. (See generally, Pen. Code, §§ 1268-1320.5, 859-859b.)

We conclude that even though petitioner had attained the age of majority by the time of his arrest on the juvenile warrant, the juvenile court was required—in light of the probation department's failure to timely file the supplemental petition—to order his immediate release from custody.

## III. DISPOSITION

Because the record here indicates that a disposition was reached in petitioner's case shortly after this petition was filed, the order to show cause is discharged, and writ is denied as moot.

Nott, J., and Zebrowski, J., concurred.