BARON, J.
I dissent. In my view, Los Angeles County Dept, of Children’s Services v. Superior Court (1988) 200 Cal.App.3d 505 [246 Cal.Rptr. 150], is dispositive on the issues before us.
In Los Angeles County Dept., as here, the key question was whether the statutory directive requiring a child’s release if no petition is filed within 48 hours is aimed at the juvenile court or the agency holding the child. Following the enactment of Welfare and Institutions Code sections 631 and 632 in 1961 (see Stats. 1961, ch. 1616, § 2, p. 3475), the Legislature enacted Welfare and Institutions Code sections 313 and 315, which are parallel provisions concerning dependent children that use essentially similar language. (See Stats. 1976, ch. 1068, § 7, pp. 4762-4763.)[1]
The court in Los Angeles County Dept, interpreted Welfare and Institutions Code sections 313 and 315 in the context of a factual situation closely *1407 resembling the circumstances of this case. The court concluded that subdivision (a) of section 313, by its plain language, was aimed at the agency holding the child, reasoning that the juvenile court could not be directed to release a minor “within 48 hours after having been taken into custody, excluding nonjudicial days” when no petition had then been filed and no action was pending before the juvenile court. (Los Angeles County Dept, of Children’s Services v. Superior Court, supra, 200 Cal.App.3d at p. 508, italics added.) The court also reasoned that the contrary conclusion would frustrate the purposes underlying juvenile court law because releasing a child after a failure to file a timely petition amounted to “punishing the minor by depriving him of the opportunity for judicial protection of his safety and health.” (See Los Angeles County Dept, of Children’s Services v. Superior Court, supra, at p. 509, fh. omitted.) Warning against views that would impose a rigid adversarial framework on juvenile law, the court observed that “[detention is against the wishes of the parents, but it cannot be assumed to be adverse to the interests of the newborn. It was error to ‘reward’ [the child] with release from custody and thus ‘save’ him from facing a statutory detention hearing.” {Ibid., fn. omitted.)
The Los Angeles County Dept, court’s construction of the pertinent statutory language is persuasive and consistent with the purposes underlying Welfare and Institutions Code sections 631 and 632. Juvenile court law concerning dependent and delinquent children is subject to the same policy goals, namely, “to provide for the protection and safety of the public and each minor under the jurisdiction of the juvenile court and to preserve and strengthen the minor’s family ties whenever possible, removing the minor from the custody of his or her parents only when necessary for his or her welfare or for the safety and protection of the public.” (Welf. & Inst. Code, § 202, subd. (a).) Although delinquent children, unlike dependent children, may receive “guidance . . . which holds them accountable for their behavior,” including punishment, such guidance must be consistent with their best interest and rehabilitative objectives. (See § 202, subd. (b).)
Thus, here, as in Los Angeles County Dept., the least appropriate remedy for a violation of Welfare and Institutions Code section 631, subdivision (a), would have been petitioner’s release from custody by the juvenile court without a detention hearing. This would have effectively punished the minor and the public alike by depriving the minor of an opportunity for rehabilitation efforts under judicial supervision. To paraphrase the Los Angeles County Dept, court, detention may have been against petitioner’s or his parents’ wishes, but it cannot be assumed to be against his own best interest. *1408 There is evidence that petitioner had a poor relationship with his mother, had run away from home, was living on the streets, and had had at least one brush with the law prior to his arrest on February 26, 1997. At the detention hearing, the juvenile court concluded that releasing petitioner was contrary to his own interests and the interest of the community. Thus, releasing petitioner without a detention hearing would have simply returned him to the unsettled environment that endangered his well-being and the community’s safety, and engendered his arrests.
My conclusion receives additional support from the fact that the Legislature amended and rewrote Welfare and Institutions Code sections 631 and 632 after the decision in Los Angeles County Dept., but did not alter the pertinent statutory language. “When legislation has been judicially construed and a subsequent statute on a similar subject uses identical or substantially similar language, the usual presumption is that the Legislature intended the same construction, unless a contrary intent clearly appears. [Citations.]” (In re Jerry R. (1994) 29 Cal.App.4th 1432, 1437 [35 Cal.Rptr.2d 155]; see Malcolm v. Superior Court (1981) 29 Cal.3d 518, 527-528 [174 Cal.Rptr. 694, 629 P.2d 495]; Los Angeles Met. Transit Authority v. Brotherhood of Railroad Trainmen (1960) 54 Cal.2d 684, 688-689 [8 Cal.Rptr. 1, 355 P.2d 905].) In 1989, the Legislature amended subdivision (b) of section 631 and rewrote section 632, but retained the language interpreted by the Los Angeles County Dept, court in the revised statutes. (See Stats. 1989, ch. 686, §§1,2, pp. 2255-2256.)
The majority concludes that failure to file the petition within 48 hours mandates release by the juvenile court under Welfare and Institutions Code section 631, citing dicta from In re Robin M. (1978) 21 Cal.3d 337 [146 Cal.Rptr. 352, 579 P.2d 1], and the holding in In re Daniel M. (1996) 47 Cal.App.4th 1151 [55 Cal.Rptr.2d 17],
The dicta from Robin M. is not persuasive for two reasons. First, a dictum of the Supreme Court “ . . while not controlling authority, carries persuasive weight and should be followed where it demonstrates a thorough analysis of the issue or reflects compelling logic. [Citations.]”’ (Grange Debris Box & Wrecking Co. v. Superior Court (1993) 16 Cal.App.4th 1349, 1358 [20 Cal.Rptr.2d 515].) Because the issue decided by the Robin M. court concerned a postpetition time limit, however, the court’s reasoning on that issue does not touch the key question resolved in Los Angeles County Dept., namely, whether the directive in Welfare and Institutions Code section 631, subdivision (a), is addressed to the juvenile court or the agency detaining a minor.
Second, the analysis of the legislative purpose underlying the statutory time limits in Robin M. predates Alfredo A. v. Superior Court (1994) 6 *1409 Cal.4th 1212 [26 Cal.Rptr.2d 623, 865 P.2d 56], in which the court held, on constitutional grounds, that a detention hearing under section 632, subdivision (a), or equivalent determination of probable cause, must be held within 72 hours of the juvenile’s arrest, regardless of intervening “ ‘nonjudicial’ ” days.[2] (See Alfredo A. v. Superior Court, supra, 6 Cal.4th at p. 1232.) In view of Alfredo A., the Los Angeles County Dept, court’s construction of the language found in Welfare and Institutions Code sections 631 and 632 best harmonizes the language itself with the legislative concerns underlying those sections, that is, protecting the minor and the community while eliminating excessive or unwarranted detentions.
Daniel M. did not reach the key issue before us. In Daniel M., the court concluded that the juvenile court should have released a minor when a supplemental petition under Welfare and Institutions Code section 777, subdivision (a), was not filed within 48 hours of the minor’s arrest, citing California Rules of Court, rule 1470(a). (See In re Daniel M., supra, 47 Cal.App.4th at pp. 1154-1157.) However, the court in Daniel M. did not interpret section 631, subdivision (a), which underlies rule 1470(a). (See 47 Cal.App.4th at pp. 1154-1157.) Although the Daniel M. court stressed the need for strict statutory construction in these matters, it did not explain how the plain language of section 631 can be reconciled with rule 1470(a), which is impliedly directed at the juvenile court by virtue of its status as a rule of court. (See 47 Cal.App.4th at p. 1156.) For the reasons cited above, I believe that subdivision (a) of section 631 is not directed at the juvenile court, and thus rule 1470(a) is inconsistent with the statutory scheme. (Cf. Los Angeles County Dept, of Children’s Services v. Superior Court, supra, 200 Cal.App.3d at p. 508, fn. 5.)
In sum, I would affirm the juvenile court’s order and deny the petition for writ of habeas corpus.

Welfare and Institutions Code section 313, subdivision (a), then, as now, provides: “Whenever a minor is taken into custody by a peace officer or probation officer . . . such minor shall be released within 48 hours after having been taken into custody, excluding nonjudicial days, unless within said period of time a petition to declare him a dependent child has been filed pursuant to the provisions of this chapter.” (See Los Angeles County Dept, of Children’s Services v. Superior Court, supra, 200 Cal.App.3d at p. 507, fn. 3.)
Welfare and Institutions Code section 315 then, as now, provides: “If a minor has been taken into custody under this article and not released to a parent or guardian, the juvenile court shall hold a hearing (which shall be referred to as a ‘detention hearing’) to determine whether the minor shall be further detained. This hearing shall be held as soon as possible, but in any event before the expiration of the next judicial day after a petition to declare the minor a dependent child has been filed. If the hearing is not held within the period prescribed by this *1407 section, the minor shall be released from custody.” (See Los Angeles County Dept, of Children’s Services v. Superior Court, supra, 200 Cal.App.3d at p. 508.)

Petitioner concedes for the purposes of his petition that in the present case, a proper determination was made pursuant to Alfredo A.