[No. H016395. Sixth Dist. Nov. 7, 1997.]

In re ANGEL M., a Minor, on Habeas Corpus.

## COUNSEL

Michael Lawrence, Public Defender, Catherine Brennan, and Lorraine Faherty, Deputy Public Defenders, for Petitioner.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Ronald E. Niver and Amy Haddix, Deputy Attorneys General, for Respondent.

## OPINION

**MIHARA, J.—** By petition for writ of habeas corpus, Angel M., a minor, challenges the juvenile court's denial of her request for release from juvenile hall. She contends that she was not brought to court the day after her probation officer filed a supplemental petition in violation of Welfare and Institutions Code section 632 and California Rules of Court, rule

1471(b)(3).[1] We conclude that the juvenile court erred in failing to release the minor.

### Factual and Procedural Background

Having previously been declared a ward of the court under section 602, 17-year-old Angel M. was taken into custody for violating conditions of her probation. Pursuant to section 777, subdivision (a)(2), a supplemental petition was filed January 16, 1997. It stated the minor had been absent from her residence since December 23, 1996, and had not paid any of her restitution.

On January 21, 1997, Angel appeared before the juvenile court for a detention hearing. The minor denied the allegations set forth in the petition, and requested a *Dennis H.*[2] hearing. The hearing was set for January 23, 1997. At the end of the hearing, defense counsel stated: "This petition was filed on the 16th, and according to [rule] 1471(b)(3) she should have been in court on the 17th, and also a remedy for late coming into court is release."

The court then inquired as to the whereabouts of Angel's mother. In response, counsel stated: "Her mom, I hate to put a fine point on it, but her mom has basically chosen the girlfriend over her daughter. Angel could be released to her grandparents who live in Monterey and would take her, and I'm going to have her here Thursday. But she does have family available that she can go and stay with." Angel was detained.

On January 23, 1997, the instant petition for writ of habeas corpus and request for immediate release was filed. On the same day, the trial court released Angel to the custody of her grandfather. After this court summarily denied the petition, the Supreme Court granted Angel's petition for review and transferred the case to this court with directions to vacate our summary denial and to issue an order to show cause.[3]

### Discussion

Section 631 governs the time limit on the detention of a minor before a petition is filed. Subdivision (a) of the statute provides in relevant part that

---

[1] All further statutory references are to the Welfare and Institutions Code, and all further references to rules are to the California Rules of Court.

[2] *In re Dennis H.* (1971) 19 Cal.App.3d 350 [96 Cal.Rptr. 791].

[3] Angel's release does not render the petition moot, since similar juvenile detentions are likely to occur with other minors, yet evade review due to the temporary nature of the detention. (*Alfredo A.* v. *Superior Court* (1994) 6 Cal.4th 1212, 1218-1219 [26 Cal.Rptr.2d 623, 865 P.2d 56].)

a "minor shall be released within 48 hours after having been taken into custody, excluding nonjudicial days, unless within that period of time a petition . . . has been filed . . . ."

Section 632, which governs the time limit on the detention once the petition has been filed, states in relevant part: "(a) Except as provided in subdivision (b),[4] unless sooner released, a minor taken into custody under the provisions of this article shall, as soon as possible but in any event before the expiration of the next judicial day after a petition to declare the minor a ward or dependent child has been filed, be brought before a judge or referee of the juvenile court for a hearing to determine whether the minor shall be further detained. Such a hearing shall be referred to as a 'detention hearing.' [¶] . . . [¶] (c) If the minor is not brought before a judge or referee of the juvenile court within the period prescribed by this section, he or she shall be released from custody."[5]

In *In re Robin M.* (1978) 21 Cal.3d 337 [146 Cal.Rptr. 352, 579 P.2d 1], at pages 342-343, our Supreme Court explained the statutory scheme relating to the detention of minors. "California's statutes dealing with the detention of minors during the pendency of juvenile court proceedings are largely a product of the Legislature's overhaul of the Juvenile Court Law in 1961. (Stats. 1961, ch. 1616, p. 3476.) In enacting the 1961 revisions, the Legislature substantially followed the recommendations and proposals of a special study commission on juvenile justice which were issued in 1960. That commission found that one of the 'major problems' with California's Juvenile Court Law was the 'excessive and unwarranted detention of children in the state.' (Commission Report, pt. I, at p. 12; see also *In re William M.* [(1970)] 3 Cal.3d [16,] 25-26 [89 Cal.Rptr. 33, 473 P.2d 737].) [¶] . . . [¶] In order to 'minimize the length of detention' (Commission Report, pt. II, at p. 18), the commission recommended that 'maximum time limits for hearings should be set forth in the law' and that '[p]riority should be given . . . to reducing the time spent in detention prior to a finding of jurisdiction.' (Commission Report, pt. I, at p. 28.) To implement its recommendations, the commission proposed specific statutes, which it enumerated in its report [citation], and which the Legislature enacted with few modifications. Those time limits on hearings and detentions remain virtually intact." (Fns. omitted.)

■ *Robin M.* addressed section 657, which requires that a jurisdictional hearing must be held within 15 judicial days from the order directing

[4]Subdivision (b) deals with minors who are not on probation or parole.

[5]Rule 1471(b)(3), the pertinent rule of court in this case, provides: "A detention hearing must be commenced as soon as possible, but no later than the expiration of the next judicial day after the petition has been filed, if: [¶] . . . [¶] The child is currently on probation or parole."

detention of the juvenile. When the prosecutor was not ready to proceed at the end of the required time period, the charging allegation was dismissed. The minor was ordered released, but was again detained on a new filing, and filed a petition for writ of habeas corpus. Although the Supreme Court denied the petition because the minor was no longer confined under the prejurisdiction hearing detention order, the court held that a juvenile detained in preadjudication custody for the maximum period allowed by law must be released from such detention, whether the jurisdiction hearing is continued or a new petition is filed based on the same transactions. (*Robin M., supra,* 21 Cal.3d at pp. 347-348.) As recently observed, the decision underscores the strict statutory construction to be accorded the time limits set forth by statute and those rules of court dealing with the filing of supplemental petitions. (*In re Daniel M.* (1996) 47 Cal.App.4th 1151, 1156 [55 Cal.Rptr.2d 17].)

 In the present case, there is no dispute that the minor was not brought to court before the expiration of the next judicial day after the petition was filed. Nevertheless, respondent contends immediate release was not required.

Respondent first argues that Angel's remedy of release had lapsed when she was brought to court on January 21, 1997. It maintains that once the hearing commenced on January 21, the court was authorized to detain Angel on any of the grounds enumerated in section 636.[6] We disagree.

Section 636 contemplates that a detention hearing has been fully adjudicated and it has been determined the minor falls under the terms of the statute. In this case, Angel denied the allegations of the petition, and the matter was continued to permit adjudication of the matter pursuant to *Dennis H.* Angel's detention cannot be upheld when there is no evidence of any ground which the law requires as a condition precedent to detention under section 636. (*Edsel P.* v. *Superior Court* (1985) 165 Cal.App.3d 763, 782

---

[6]Section 636 states in relevant part: "If it appears upon the hearing that such minor has violated an order of the juvenile court or has escaped from a commitment of the juvenile court or that it is a matter of immediate and urgent necessity for the protection of such minor or reasonably necessary for the protection of the person or property of another that he be detained or that such minor is likely to flee to avoid the jurisdiction of the court, the court may make its order that such minor be detained in the juvenile hall or other suitable place designated by the juvenile court for a period not to exceed 15 judicial days and shall enter said order together with its findings of fact in support thereof in the records of the court. The circumstances and gravity of the alleged offense may be considered, in conjunction with other factors, to determine whether it is a matter of immediate and urgent necessity for the protection of the minor or the person or property of another that the minor be detained."

[211 Cal.Rptr. 869]; *In re Macidon* (1966) 240 Cal.App.2d 600, 607 [49 Cal.Rptr. 861].)

Respondent relies on *Los Angeles County Dept. of Children's Services* v. *Superior Court* (1988) 200 Cal.App.3d 505 [246 Cal.Rptr. 150], for the proposition that failure to comply with the procedural time limits for detaining a child under the Welfare and Institutions Code does not deprive the juvenile court of jurisdiction to conduct a subsequent detention hearing. In that case, the minor, a newborn baby, was taken into protective custody on March 3, 1988, after he tested positive for cocaine. The department of social services did not file a petition until March 8, 1988, one day after the statutory deadline set forth in section 313, subdivision (a).[7] Based upon the mandatory release provision contained in the statute, the trial court refused to hold a detention hearing and released the minor to the custody of his mother.

The Court of Appeal reversed the lower court's decision for the following reason: "Section 313 governs the situation in which the minor has been detained over 48 hours and no petition has been filed. Under such circumstances, by hypothesis, no court case is pending. The command of the statute is, therefore, directed not to a judicial officer, but only to the officer or agency maintaining temporary nonjudicial detention of the minor. If no petition has been filed, the agency is required to release the minor after 48 hours. That command can be enforced by habeas corpus or other appropriate judicial remedy. [¶] Section 313 does not, however, prohibit continued detention of a minor after a petition has been filed. In particular, it does not say a detention hearing cannot be held if the minor was kept in custody over 48 hours before the petition was filed. Once the petition is filed, the controlling statute is section 315, which provides: 'If a minor has been taken into custody under this article and not released to a parent or guardian, the juvenile court shall hold a hearing (which shall be referred to as a "detention hearing") to determine whether the minor shall be further detained. This hearing shall be held as soon as possible, but in any event before the expiration of the next judicial day after a petition to declare the minor a dependent child has been filed. If the hearing is not held within the period prescribed by this section, the minor shall be released from custody.' (See also rule 1331(e).) This provision, unlike section 313, is directed to the juvenile court. It requires, in mandatory language, the holding of a detention

---

[7]Section 313, subdivision (a) provides: "Whenever a minor is taken into custody by a peace officer or probation officer . . . such minor shall be released within 48 hours after having been taken into custody, excluding nonjudicial days, unless within said period of time a petition to declare him a dependent child has been filed pursuant to the provisions of this chapter."

hearing." (*Los Angeles County Dept. of Children's Services* v. *Superior Court*, *supra*, 200 Cal.App.3d at pp. 508-509, fn. omitted.)

Even if we agreed with the reasoning in *Los Angeles County Dept.* (cf. *In re Tan T.* (1997) 55 Cal.App.4th 1398, 1405 [64 Cal.Rptr.2d 758], [decision in *Los Angeles County Dept.* defeats legislative mandate]), the court's reasoning is inapplicable to the instant action. Here, the petition was timely filed, but Angel was not timely brought before the juvenile court. In contrast to the view expressed in *Los Angeles County Dept.* regarding section 313, section 632's mandate is not limited to the agency maintaining detention of the minor. The statute is directed to the juvenile court as is, according to *Los Angeles County Dept.*, section 315. Accordingly, the court is required to follow the requirements of section 632.

Respondent next contends that even if Angel was otherwise entitled to release from custody pursuant to section 632, the juvenile court had discretion to deny such release when it learned that there was no parent or guardian available in court to assume custody of her. It submits that a strict construction of section 632, which requires absolute release of the minor even if no parent or guardian is present, would undermine the juvenile court's inherent duty to act in the minor's best interest. Citing *Reno* v. *Flores* (1993) 507 U.S. 292 [113 S.Ct. 1439, 123 L.Ed.2d 1], and *Alfredo A.* v. *Superior Court*, *supra*, 6 Cal.4th 1212, respondent argues that where the custody of the parent or guardian fails, the government has an absolute obligation to exercise custody itself or appoint someone else to do so.

In *Flores*, a class of alien juveniles who had been arrested by the Immigration and Naturalization Service on suspicion of being deportable were detained pending deportation hearings pursuant to a federal regulation (8 C.F.R. § 242.24 (1992)), which provided for the release of detained minors only to their parents, close relatives, or legal guardians, except in unusual and compelling circumstances. Pursuant to a consent decree entered into in the litigation, juveniles who were not released under the regulation's provisions had to be placed in juvenile care facilities that met or exceeded state licensing requirements for the provision of such services to dependent children. The juvenile class members in *Flores* contended they had a right under the federal Constitution and immigration laws to be routinely released into the custody of other "responsible adults."

Reaffirming previous holdings, the United States Supreme Court held that the state's *parens patriae* interest in preserving and promoting the welfare of

the child render juvenile proceedings fundamentally different from adult criminal proceedings. The court stated that when the custody of the parent or legal guardian fails, the government may either exercise custody itself or appoint someone else to do so. (*Reno* v. *Flores, supra,* 507 U.S. at p. 302 [113 S.Ct. at p. 1447]; see also *Alfredo A.* v. *Superior Court, supra,* 6 Cal.4th at p. 1228.) Contrary to the circumstances in *Flores,* there is no regulation that requires release to a parent, relative, or legal guardian in this case. Rather, there is a statute that mandates immediate release.

In *Alfredo A.,* our state Supreme Court considered the "official position" of the Los Angeles County Juvenile Court, that the strict 48-hour rule set forth in *County of Riverside* v. *McLaughlin* (1991) 500 U.S. 44, 56 [111 S.Ct. 1661, 1670, 114 L.Ed.2d 49], did not apply to juvenile detention proceedings. The court held that the "official position" was permissible because California's juvenile detention statutes basically afford juvenile detainees who have been arrested without a warrant a formal, adversarial "detention hearing" within 72 hours of a warrantless arrest. (*Alfredo A.* v. *Superior Court, supra,* 6 Cal.4th at p. 1216.) The court explicitly stated: "[T]he formal detention hearing provided for in section 632, subdivision (a), may also serve to fulfill the constitutional requirement when the court at such a hearing, *where it is held within 72 hours of the juvenile's arrest,* makes a determination that sufficient probable cause exists for the extended postarrest detention of the juvenile." (*Id.* at p. 1232, italics in original.)

It initially appears reasonable that the juvenile court has discretion to detain a minor when there is no parent or legal guardian present into whose custody the minor may be placed. However, we find no authority for respondent's position. There exists no statute or case law that requires a parent or legal guardian to be present at a detention hearing, although such presence is encouraged. More importantly, there is no authority for the proposition that a trial court retains discretion to ignore the mandatory language of section 632. Indeed, our Supreme Court has stated that juvenile courts are duty bound to comply with statutory requirements. (*Alfredo A.* v. *Superior Court, supra,* 6 Cal.4th at p. 1232.) Accordingly, we conclude the juvenile court was required to release Angel when she was not brought to court before the expiration of the next judicial day after the petition was filed.[8]

---

[8]We are mindful that a minor who appears in court without a parent or legal guardian may be at risk upon immediate release. However, we believe that the court or minor's counsel will take responsibility for contacting some agency such as the Department of Social Services to ensure the minor is placed in the custody of an appropriate adult.

## DISPOSITION

Since Angel is no longer subject to the unlawful detention order issued at the time the petition was filed, the order to show cause has served its purpose and is discharged. The writ of habeas corpus is denied.

Elia, Acting P. J., and Wunderlich, J., concurred.

Petitioner's application for review by the Supreme Court was denied February 18, 1998.