Filed 8/21/24  MacDonald v. Koules CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| JAMES MacDONALD, | B325186 |
| Plaintiff and Appellant, | Los Angeles County |
| v. | Super. Ct. No. BC609428 |
| SHEREEN ARAZM KOULES, | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, Jon R. Takasugi, Judge. Reversed.

Susan E. Hargrove for Plaintiff and Appellant.

Kempinsky Law, Louis E. Kempinsky; Edson K. McClellan and Adrianna A. Rubino for Defendant and Respondent.

# INTRODUCTION

In general, a plaintiff must bring a case to trial within five years of the filing of a complaint against a defendant, subject to limited statutory tolling periods. (Code Civ. Proc., § 583.310 et seq.)[1] Plaintiff and appellant James MacDonald (plaintiff) initiated this lawsuit in February 2016 and amended the complaint to add defendant and respondent Shereen Arazm Koules in August 2020. The court dismissed the action against Koules in September 2022 for failure to timely prosecute. Plaintiff appeals from the dismissal order.

When calculating the length of time a case has been pending against a defendant not named in the original complaint, the court must start the clock on the date the defendant was first named as a defendant in the case. Here, Koules was first named as a defendant in August 2020, but the court calculated the time this case had been pending using the date plaintiff filed the original complaint. The court erred in dismissing the case against Koules under section 583.310 because the case against her had been pending for just over two years when the court ordered the dismissal. To the extent the court relied on the discretionary dismissal provisions of section 583.420, the court abused its discretion by miscalculating the time the case had been pending. Accordingly, we reverse the order of dismissal.

---

[1] All undesignated statutory references are to the Code of Civil Procedure.

## FACTS AND PROCEDURAL BACKGROUND

Although this case has a long and somewhat convoluted history, few facts are relevant to our decision.

Plaintiff filed the original complaint on February 5, 2016. Plaintiff filed his first amended complaint on April 29, 2016, adding, as pertinent here, causes of action for breach of contract, various forms of indemnity, declaratory relief, and damages. On August 18, 2020, plaintiff filed the operative second amended complaint, adding Koules as a defendant.

In late March 2021, the court deemed this case related to another case pending against Koules and assigned both cases to Judge Malcolm Mackey. On April 2, 2021, plaintiff filed a challenge to Judge Mackey under section 170.6, which challenge was accepted. The case was reassigned to Judge Timothy Patrick Dillon on April 13, 2021. On April 23, 2021, plaintiff filed a challenge to Judge Dillion under section 170.6 in the related case, which challenge was accepted. The case was reassigned to Judge Jon R. Takasugi on April 28, 2021.

In December 2021, the court directed the parties to meet and confer regarding the five-year statutory deadline to bring the case to trial. (§ 583.310, et seq.) The court subsequently issued an order to show cause regarding dismissal for failure to prosecute the case within the mandatory five-year period and the discretionary three-year period.[2] After reviewing briefs from the parties and hearing the arguments of counsel, the court found dismissal warranted under the five-year mandatory dismissal

---

[2] Although the court did not identify its statutory authority to dismiss the case after three years, we assume the court relied on section 583.420, subdivision (a)(2)(A).

3

rule of section 583.310 and the discretionary three-year rule[3] in section 583.420. The court noted plaintiff filed the original complaint in February 2016, and more than six years had passed since that time. Using February 5, 2016 as the starting date, and after accounting for statutory extensions and a bankruptcy stay relating to a different defendant, the court found the five-year statutory period expired on October 16, 2021. The court also observed that almost two years and eight months had elapsed since plaintiff advised the court that the bankruptcy stay no longer barred him from prosecuting his non-real property claims and on that basis concluded discretionary dismissal was also warranted.

The court entered the dismissal order on September 27, 2022.[4] Plaintiff timely appeals.

---

[3] The court's May 20, 2022 minute order references a "3 Year Rule" but does not cite corresponding statutory authority. Again, we assume the court relied on section 583.420, subdivision (a)(2)(A).

[4] The dismissal order drafted by counsel references the mandatory five-year rule of section 583.310 and the two-year discretionary dismissal provision of section 583.420, which is found in subdivision (a)(2)(B).

## DISCUSSION

Plaintiff argues the court erred in dismissing the action against Koules for failure to timely prosecute the case. We agree.

### 1. Standard of Review

"A trial court's dismissal of an action for failure to prosecute under section 583.310 is generally reviewed for abuse of discretion. (See *Coe v. City of Los Angeles* (1994) 24 Cal.App.4th 88, 92.) However, proper interpretation of statutes and court rules are issues of law, and in such instances we review the trial court's decision de novo. (See *Kim v. Superior Court* (2006) 136 Cal.App.4th 937, 940 [statutory construction]; *In re Daniel M.* (1996) 47 Cal.App.4th 1151, 1154 [interpreting rules of court].)" (*Barron v. Santa Clara County Valley Transportation Authority* (2023) 97 Cal.App.5th 1115, 1123–1124.)

Both standards of review apply here. To the extent we consider the court's interpretation of section 583.310 et seq., our review is de novo. We review the court's factual findings regarding the impossibility or impracticability of plaintiff's prosecution of the case for an abuse of discretion.

### 2. The court erred in dismissing the case against Koules.

#### 2.1. Mandatory Dismissal (§ 583.310)

Subject to certain statutory extensions, a plaintiff must bring a case to trial "within five years after the action is commenced against the defendant." (§ 583.310.) "This dismissal requirement is mandatory and 'not subject to extension, excuse, or exception except as expressly provided by statute.' [Citation.]" (*Seto v. Szeto* (2022) 86 Cal.App.5th 76, 85, quoting § 583.360, subd. (b).)

The first issue we must decide is when the five-year period began to run. Both parties asserted below, and the court found, that the clock began to run on February 5, 2016, the date plaintiff filed the original complaint. On appeal, however, plaintiff contends the time did not begin to run against Koules until August 18, 2020, when she was first named as a defendant in the second amended complaint. Because the facts are undisputed and the question presents an issue of law, we exercise our discretion to consider this argument, raised for the first time on appeal. (*Waller v. Truck Ins. Exchange, Inc.* (1995) 11 Cal.4th 1, 24 [noting appellate courts may consider argument raised for the first time on appeal where the issue turns on a question of law and the facts are undisputed]; *Frym v. 601 Main Street LLC* (2022) 82 Cal.App.5th 613, 620 [citing *Waller*]; and see, e.g., *In re Marriage of Hinds* (1988) 205 Cal.App.3d 1398, 1403 [exercising discretion to consider whether family law case containing child support order can be dismissed for failure to prosecute based on policy concerns]; § 583.130[5]) Moreover, we agree with plaintiff.

Familiar principles of law govern our interpretation of section 583.310. " ' "[O]ur task is to ascertain the intent of the

---

[5] Section 583.130 provides: "It is the policy of the state that a plaintiff shall proceed with reasonable diligence in the prosecution of an action but that all parties shall cooperate in bringing the action to trial or other disposition. Except as otherwise provided by statute or by rule of court adopted pursuant to statute, the policy favoring the right of parties to make stipulations in their own interests and the policy favoring trial or other disposition of an action on the merits are generally to be preferred over the policy that requires dismissal for failure to proceed with reasonable diligence in the prosecution of an action in construing the provisions of this chapter."

Legislature so as to effectuate the purpose of the enactment. [Citation.] We look first to the words of the statute, which are the most reliable indications of the Legislature's intent. [Citation.] We construe the words of a statute in context, and harmonize the various parts of an enactment by considering the provision at issue in the context of the statutory framework as a whole." ' (*Kim v. Reins International California, Inc*. (2020) 9 Cal.5th 73, 83.) If ' "the [statutory] language supports more than one reasonable construction, then we may look to extrinsic aids, including the ostensible objects to be achieved and the legislative history." ' (*Ibid*.)" (*Rodriguez v. Superior Court* (2023) 15 Cal.5th 472, 496–497.)

We begin with the plain language of section 583.310, which requires the plaintiff to bring the case to trial "within five years after the action is commenced *against a defendant*." (§ 583.310, italics added.) As explained in *Gray v. Firthe* (1987) 194 Cal.App.3d 202, the predecessor statute to section 583.310, former section 583, subdivision (b), read, " '[a]ny action . . . shall be dismissed . . . unless such action is brought to trial within five years after the plaintiff has filed his action, . . .' (Stats. 1982, ch. 1402, § 3, p. 5355.)" (*Gray*, at p. 207.) The modification of the statute, changing "five years after the plaintiff has filed his action" in former section 583 to "five years after the action is commenced against the defendant" in section 583.310, evidenced a substantial change in the law. Under section 583.310, "[a]s to a defendant either expressly named in the original complaint, or named in the original complaint by a fictitious name, the action commences on the date of the filing of the complaint. [Citation.] But when a new party is added to the action, the action commences as to that party on the date of the order adding him

7

or her as a party or on the date of filing of the pleading naming him or her as a new party. [Citation.]" (*Gray*, at p. 209.)

In the present case, the court erroneously concluded that the five-year period began to run with the filing of the original complaint. Instead, the time began to run when plaintiff first named Koules as a defendant in the second amended complaint, i.e., on August 18, 2020.

Koules argues that she was substituted as a Doe defendant and therefore she was named in the original complaint. Not so. We acknowledge plaintiff used the Doe defendant terminology in his motion to amend and in his second amended complaint. Nevertheless, he moved to amend his complaint under section 473,[6] which allows amendments "in the furtherance of justice, and upon such terms as may be proper," not section 474, which governs amendments as to parties sued initially by a fictitious name. The court's order granting plaintiff leave to amend also cites section 473 rather than section 474, a point the court emphasized in its subsequent ruling on Koules's motion to quash service of the summons and complaint. Specifically, in ruling on Koules's motion to quash service of summons, the court held that "in the [second amended complaint] Defendant was no longer

---

[6] Section 473, subdivision (a)(1) provides: "The court may, in furtherance of justice, and on any terms as may be proper, allow a party to amend any pleading or proceeding by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect; and may, upon like terms, enlarge the time for answer or demurrer. The court may likewise, in its discretion, after notice to the adverse party, allow, upon any terms as may be just, an amendment to any pleading or proceeding in other particulars; and may upon like terms allow an answer to be made after the time limited by this code."

sued by a fictitious name. Rather, Plaintiff identified Defendant by name in the general allegations as well as with[in] each cause of action and added Defendant pursuant to section 473, so that [the] requirement[s] of section 474 [to serve summons on Koules reflecting she was served as a Doe defendant] did not apply." Moreover, at plaintiff's request, the court subsequently ordered the second amended complaint to be amended by deleting the Doe defendant designation as to Koules.

In computing the five-year period, the trial court also determined that several extensions and tolling periods applied, most of which occurred before plaintiff filed the second amended complaint and are therefore irrelevant to our analysis.[7] We agree with the court, however, that plaintiff benefits from two tolling periods.

Section 583.340 sets forth three circumstances in which the time to bring a case to trial is tolled: "(a) The jurisdiction of the court to try the action was suspended. [¶] (b) Prosecution or trial of the action was stayed or enjoined. [¶] (c) Bringing the action to trial, for any other reason, was impossible, impracticable, or futile." We agree with plaintiff and the court that it was impossible or impracticable for plaintiff to prosecute the case while it was being reassigned following his peremptory challenges under section 170.6. (See *Gaines v. Fidelity National*

---

[7] For example, the parties discuss the impact of a bankruptcy stay relating to Lonnie Moore, a defendant named in the original complaint. Because the court lifted the stay on October 7, 2019, and plaintiff first named Koules as a defendant 10 months later on August 18, 2020, we need not consider the impact of the bankruptcy stay. Accordingly, we deny Koules's December 27, 2023 request for judicial notice of documents related to the bankruptcy proceeding.

9

*Title Ins. Co.* (2016) 62 Cal.4th 1081, 1104 [holding delay attributable to trial court reassignment following a party's exercise of a section 170.6 peremptory challenge should be excluded under section 583.340, subdivision (c)].) Plaintiff filed a challenge under section 170.6 on April 2, 2021, and the case was reassigned on April 13, 2021. Plaintiff filed another challenge on April 23, 2021, and the case was again reassigned on April 28, 2021. Together, the delays due to reassignment of the case total 16 days.

Accordingly, the court should have found, based on the facts before it, that the five-year deadline to bring this case to trial against Koules would have expired on September 3, 2025 (August 18, 2025 + 16 days). The court therefore erred in dismissing the case under section 583.310.

### 2.2. Discretionary Dismissal (§ 583.420)

As noted *ante*, the court's tentative ruling, minute order, and dismissal order each state that discretionary dismissal was warranted. Although these three statements of the court's ruling are not consistent regarding the precise statutory authority the court relied upon, and even conflict as to whether the court was using a two-year or three-year timeframe, we need not resolve these ambiguities in the record.

Because a court exercises discretion when deciding whether to dismiss an action under section 583.420, we apply an abuse of discretion standard to that decision. " ' "All exercises of discretion must be guided by applicable legal principles . . . which are derived from the statute under which discretion is conferred. [Citations.] If the court's decision is influenced by an erroneous understanding of applicable law or reflects an unawareness of the full scope of its discretion, the court has not properly exercised its

10

discretion under the law. [Citation.] Therefore, a discretionary order based on an application of improper criteria or incorrect legal assumption is not an exercise of informed discretion and is subject to reversal." ' [Citations.]" (*Leahy v. Peterson* (2023) 98 Cal.App.5th 239, 252.)

Here, the court exercised its discretion under section 583.420 based on an improper factual finding, namely, that the present case had been pending against Koules since 2016. Its conclusion about plaintiff's lack of diligence in prosecuting his case was therefore not an exercise of informed discretion and is subject to reversal.

## DISPOSITION

The dismissal order is reversed. Plaintiff and appellant James MacDonald shall recover his costs on appeal.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


                                        BERSHON, J.*

WE CONCUR:


EDMON, P. J.


EGERTON, J.

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.