## THOMAS v. ARMSTRONG et al.

A ferry-license being a franchise is not the subject of levy and sale under execution.

Where the supervisors, in the exercise of their discretion, determined after hearing testimony, that a ferry had not been properly kept, and therefore granted it to another, there is no authority to interfere with their determination; but when they act under mistake of law, and award the license to another supposing that he has succeeded to the rights of the owner of the franchise, the error may be corrected by *mandamus*, or any other proper proceeding.

APPEAL from the County Court of Yuba County.

This was a petition in the Court below by Thomas, a ferry proprietor, for a peremptory *mandamus* against the defendants, as supervisors of Yuba county, to compel them to renew his license. The Court dismissed the petition, and hence the appeal.

*C. H. Bryan* for Appellant.

This Court has frequently decided that it will not allow an interference with the discretion of judges, boards, or officers; but it will be perceived by the twenty-seventh section of the act of 1855, that the board has no discretion. It is commanded imperatively by the law, that when such a case as the statement shows was made out before the supervisors, they shall grant the issue of the license.

In McDougall v. Bell, 4 Cal., 179, the Court say, that this is the only and proper remedy where the tribunal or board is invested with no discretionary power to compel the performance of an act where there was no other speedy and adequate remedy at law.

So in Commonwealth v. Justices of Sessions for County of Norfolk, 5 Mass. R., 434, it is held that if the Court of Sessions improperly reject the verdict of a jury a *mandamus* will lie to compel them to accept it.

So also to the same extent are the cases of Bright v. Supervisors of Chenango County, 18 Johns. R., 241, and Hull v. Supervisors of Oneida County, 19 Johns. R., 259.

The settled doctrine in other States as well as that of this State, is that the writ will not issue to compel or direct the exercise of discretion in any inferior tribunal, but, *e converso*, where by law the case is provided for, and the discretion is taken away as in this case, then it follows the writ may issue.

*Charles Lindley* for Respondent.
No brief on file.

MURRAY, C. J., delivered the opinion of the Court—BURNETT, J., concurring.

This was an application for a *mandamus* in the Court below to compel the supervisors to renew a ferry-license.

It appears from the record that the plaintiff was, and had been for a long time previous, running a ferry across the Yuba River; that he applied to the supervisors for a renewal of his license, and made the necessary proof that he had kept and run the said ferry according to law. The supervisors refused the application, on the ground that the franchise or privilege had been sold on execution against the petitioner, and that the purchaser, to whom they awarded the license therefor, was subrogated to the rights of the plaintiff.

In the case of Catherine Monroe *v.* L. W. Thomas, we held that a franchise was not the subject of levy and sale by execution. From this it follows that the sale of the plaintiff's privilege was a nullity, and that the purchaser acquired no right thereby.

The twenty-seventh section of the act concerning public ferries, provides that every person to whom a license to keep a ferry shall have been granted, and who shall have kept the same in accordance with law, shall be entitled to have such license renewed, etc. We think that this section confers a right upon the party which cannot be arbitrarily divested or disregarded. If it were a case in which there was any doubt, and the supervisors had exercised their discretion, and had determined, on testimony, that the ferry had not been properly kept, there would be no authority to interfere with their determination; but when they act under a mistake of law, and award the license to a stranger, under the supposition that he has succeeded to the rights of the plaintiff, their orders may be reached and the error corrected by *mandamus* or any other proper proceeding.

We are satisfied that the correct remedy in this case is by *mandamus*. The party is entitled on his showing, the facts of which are not controverted, to a renewal of his license. The supervisors refuse to award it to him, and he has no other remedy within or knowledge for the assertion of his rights.

Judgment reversed, and cause remanded.