[Civ. No. 20456.   Second Dist., Div. One.   Mar. 30, 1955.]

LORIN BESS, Respondent, v. EDWARD P. PARK, as Labor Commissioner, etc., Appellant.

Pauline Nightingale, Edward M. Belasco and Leon H. Berger for Appellant.

Edmond Gattone for Respondent.

WHITE, P. J.—This is an appeal by the Labor Commissioner of the State of California from a declaratory judgment of the trial court in favor of respondent. The latter is a private employment agency, licensed as such by the provisions of chapter 1 of part 6, division 2 of the California Labor Code. Pursuant to Labor Code, section 1589, respondent has posted with the Labor Commissioner a penal bond in the sum of $1,000, conditioned, among other obligations, to pay all sums due from respondent to applicants for employment when the former has received an application for employment from the latter. In the instant proceeding, it appears that respondent secured for an applicant permanent employment, the applicant refused to pay respondent the agreed fee for obtaining such employment for him, and the controversy was referred to the Labor Commissioner (Lab. Code, § 1647). It is the refusal of the latter to act and rule upon the controversy that instigated this proceeding.

The statutes governing private employment agencies is contained in sections 1550-1663 of the Labor Code.

There is no controversy surrounding the facts of this case. It is conceded that respondent entered into a contract with one O'Hanlon to obtain for him a permanent position. In the contract it was stated that the employment was to be permanent (defined by section 1624, subdivision (h), of the Labor Code as "lasting beyond 90 days"). Respondent secured a permanent position for the applicant O'Hanlon and it is conceded that the fees provided for in the contract were earned by respondent but that O'Hanlon refused to pay the same. When such a situation arises between an employment agency and an applicant, section 1647 of the Labor Code provides as follows:

"In all cases of controversy arising under this chapter the parties involved shall refer the matters in dispute to the Labor Commissioner, who shall hear and determine the same, subject to appeal within 10 days after determination, to the superior court where the same shall be heard de novo. To stay any award for money, the party aggrieved shall execute bond approved by the superior court in a sum not exceeding twice the amount of the judgment. In all other cases the bond shall be in a sum of not less than one thousand dollars ($1,000) and approved by the superior court."

In consonance with this provision of the statute the aforesaid controversy was duly referred by the respondent to the Labor Commissioner. The latter, however, refused to hear or determine the controversy because of a policy adopted by him, and which is set forth in a letter addressed to respondent, signed by the Acting State Labor Commissioner, and in which it is stated:

"Replying to your letter of October 11, 1951, I have again discussed with our Legal Staff the question of whether or not we can make a determination awarding an employment agency the full fee for a permanent position, where the employee is still on the job and 90 days have not elapsed. It is their unanimous opinion that we could not do this without prejudicing the applicant's right to a refund should his employment terminate in less than 90 days."

It is noteworthy that in the event an applicant refuses to pay the fee upon acceptance of the employment secured for him by the agency, the latter is restricted, for its remedy by section 1647 of the Labor Code and the contract, to reference of the controversy to the Labor Commissioner for hearing and

determination. In the meantime, the agency can file no action in court and as a consequence the provisional remedies of attachment and garnishment are unavailable to it. Nothing can be done but to await the decision of the Labor Commissioner and if either party is dissatisfied therewith he can appeal to the superior court within 10 days after the determination, in which forum the matter is heard de novo.

The trial court found the existence of an actual controversy between the respondent and the Labor Commissioner and made a declaration, among other matters, that in the case of a controversy between the agency and an applicant involving a fee under the contract for permanent placement, the Labor Commissioner has no power to arbitrarily refuse to determine that controversy or to postpone an award for payment of the total fee on the ground that the employment being extant, the determination or award cannot be made until after such time as the employment shall have lasted beyond 90 days.

From the judgment accordingly entered, the Labor Commissioner prosecutes this appeal.

█ Appellant first contends that judicial review of the action of the Labor Commissioner in determining a controversy between an employment agency and an applicant cannot be invoked by declaratory relief procedure, that the Legislature has formulated a vehicle for review by providing for a complete trial de novo between the parties to such a controversy (Lab. Code, § 1647, *supra*).

With this contention we cannot agree. █ An action for declaratory relief is an equitable proceeding (*Ho Gate Wah* v. *Fong Wan,* 118 Cal.App.2d 159, 165 [257 P.2d 674]). █ As was said by our Supreme Court in *Maguire* v. *Hibernia Sav. & L. Soc.,* 23 Cal.2d 719, 729 [146 P.2d 673, 151 A.L.R. 1062], "The purpose of a declaratory judgment is 'to serve some practical end in quieting or stabilizing an uncertain or disputed jural relation' (citing cases)." █ Another purpose is to liquidate doubts with respect to uncertainties or controversies which might otherwise result in subsequent litigation (*Jackson* v. *Lacy,* 37 Cal.App.2d 551, 561 [100 P.2d 313]). █ And, whether a determination is proper in an action for declaratory relief is a matter committed to the discretion of the trial court, and the exercise of that discretion will not be disturbed on appeal unless a clear abuse thereof is shown (*Mefford* v. *City of Tulare,* 102 Cal.App.2d 919, 922 [228 P.2d 847]). That statutes are inherently proper subjects of declaratory relief was the holding in *Monahan* v.

*Department of Water & Power*, 48 Cal.App.2d 746, 751 [120 P.2d 730]. ▮ Neither does the fact that a party has another remedy deprive the court of the power to grant relief under the law (*Ermolieff* v. *R.K.O. Radio Pictures, Inc.*, 19 Cal.2d 543, 547 [122 P.2d 3]). With reference to the propriety of declaratory relief in the instant case, respondent observes, and we think correctly, that "The problem presented to the court was a recurring one involving the interpretation of a statute. True, the Respondent could have sought mandate by way of relief each time that the controversy with the Labor Commissioner arose and in the future the Respondent could apply for a writ of mandate on each occasion that the Labor Commissioner acting under a mistake of law refuses to determine the controversy or to award the total fee until after such time as the extant employment shall have lasted beyond 90 days. But this would involve a multiplicity of actions going to the same point and declaratory relief being an equitable proceeding the trial court can in its discretion grant that relief in order to liquidate uncertainties and controversies which might result in future litigation especially where the interpretation of a statute is the subject of the dispute. We submit that in the case at bar declaratory relief was an eminently proper remedy and one well within the discretion of the trial court." The claim that section 1060 of the Code of Civil Procedure does not authorize the bringing of an action for declaratory relief against the state or its governmental agencies, was set at rest in the case of *Lord* v. *Garlan*, 27 Cal.2d 840, 852 [168 P.2d 5]. (See also *California Physicians Service* v. *Garrison*, 28 Cal.2d 790, 800 [172 P.2d 4, 167 A.L.R. 306], and *Nougues* v. *Douglass*, 7 Cal. 65, 74.)

The right of any interested person to obtain a judicial declaration as to the validity of any rule, regulation, order or standard of general application adopted by any state agency to implement, interpret or make specific, any law enforced or administered by it or to govern its procedure is found in the provisions of the Administrative Procedure Act (Gov. Code, tit. 2, div. 3, pt. 1, chs. 4, 5, §§ 11371, 11440).

Finally, appellant contends that the refusal of the Labor Commissioner to award the agency a full fee for permanent employment before the employment had lasted more than 90 days was valid, reasonable and proper. Appellant concedes that the Labor Commissioner has adopted a rule or policy under which he will not hear or determine a controversy

between an agency and applicant with regard to the payment of a fee for permanent employment until 90 days (the time provided by Lab. Code, § 1624, as constituting permanent employment) has expired. This rule is predicated upon the ground that a possibility exists, at least, that the employment may not last for the 90 days and that a dispute could arise in the future as to whether the agency was entitled to a fee for obtaining permanent employment. The basic contention of appellant Labor Commissioner is that he cannot determine the controversy or award the total fee prior to the expiration of 90 days "without prejudicing the applicant's right to a refund should his employment terminate in less than 90 days." The question thus presented on this appeal is whether appellant Labor Commissioner, in arbitrarily refusing to determine the controversy or to make an award for the payment of the total fee until after the extant employment shall have lasted beyond 90 days, has abused the discretion vested in him by the statute.

Here, we are confronted with an admitted legal and valid contract between the agency and the applicant under the terms of which the latter unconditionally agreed to pay to the former a total fee immediately at the time the applicant agrees to commence work. The contract was written in conformity with section 1624 of the Labor Code which provides that the contract or receipt given to the applicant shall in part state "The amount of fee charged and collected from the applicant, the amount of fee, paid or advanced by the prospective employer and the cost of transportation and by whom paid or advanced," and also whether the employment is "definite" or "indefinite," and "if temporary or permanent (to be deemed permanent only if lasting beyond 90 days)." That Labor Code, section 1624, authorizes the practice of collecting the fee in advance seems evident because the amount of the fee so collected is required to be shown on the receipt or contract. The arbitrary postponement by appellant Labor Commissioner of his determination or award in the event of a dispute between the agency and the applicant would seem to amount to a nullification of the terms of a binding contract, around which the controversy revolves. This would seem especially true when, as heretofore pointed out, the provisional remedies of suit, attachment and garnishment are unavailable to the agency until it is authorized to institute an action at law following the Labor Commissioner's award.

In the instant case the court found that although appellant Labor Commissioner refused to make a determination and award with respect to the controversy between the agency and the applicant until after 90 days from the time the latter commenced his employment, that after the applicant had remained in his employment for a period of 90 days the commissioner made an award in favor of the agency for the full fee for permanent employment.

As a conclusion of law the court decided, and we think correctly,

"That the defendant Labor Commissioner is under a duty to hear and determine all said cases of controversy with administrative diligence and dispatch and does not have the right, arbitrarily, to refuse to hear and determine the controversy on the ground that ninety days must elapse from the commencement date of the work before employment procured by the agency can be deemed permanent."

While it is true, as contended by appellant, that the courts will not attempt to compel a public official to exercise his discretion in any particular manner, nevertheless, where the law imposes upon him specific duties and he either whimsically or arbitrarily refuses to perform those duties, or where his refusal is based upon an erroneous conclusion of his legal duties, or where the right of the individual is so fixed that the refusal of the official to act amounts to a clear abuse of discretion, such error will be corrected in a proper judicial proceeding (*Palmer* v. *Fox,* 118 Cal.App.2d 453, 457 [258 P.2d 30]; *Peters* v. *Sacramento City Emp. R. System,* 27 Cal.App.2d 10, 16, 17 [80 P.2d 179]; *Hartsock* v. *Merritt,* 94 Cal.App. 431, 432, 433 [271 P. 381]; *Thomas* v. *Armstrong,* 7 Cal. 286).

If the case before us were one in which there was any doubt, and the Labor Commissioner had exercised his discretion and determined upon an award one way or the other in the pending controversy, there would be no authority for judicial interference with such determination, but when he refused to act at all under a misconception of the duty imposed upon him by law, the courts will correct the error.

For the foregoing reasons, the judgment is affirmed.

Doran, J., and Drapeau, J., concurred.

A petition for a rehearing was denied April 26, 1955, and appellant's petition for a hearing by the Supreme Court was denied May 25, 1955.