[No. D052169. Fourth Dist., Div. One. June 2, 2008.]

In re CLAUDIA E. et al., Persons Coming Under the Juvenile Court Law.
IMPERIAL COUNTY DEPARTMENT OF SOCIAL SERVICES, Plaintiff
and Respondent, v.
J.E. et al., Defendants and Respondents;
CLAUDIA E. et al., Movants and Appellants.

628

## COUNSEL

Andrea R. St. Julian, under appointment by the Court of Appeal, for Movants and Appellants.

Ralph Cordova, Jr., County Counsel, Gustavo A. Roman, Liza Barraza and Geoffrey P. Holbrook, Deputy County Counsel, for Plaintiff and Respondent.

Maryann M. Milcetic, under appointment by the Court of Appeal, for Defendant and Respondent J.E.

Konrad S. Lee, under appointment by the Court of Appeal, for Defendant and Respondent Eric O.

## OPINION

**HUFFMAN, Acting P. J.**—This case presents the issue of whether declaratory relief is available in juvenile dependency cases in the context of a child welfare agency not complying with statutory time requirements for the filing of supplemental petitions.

Fourteen-year-old Claudia E. and her half sister, two-year-old Chloe H., sought declaratory relief after the Imperial County Department of Social Services (Department) twice removed them from the home of their mother, J.E., without timely filing a supplemental petition under Welfare and Institutions Code[1] section 387. The juvenile court denied the children relief, ruling that the children had not exhausted their remedies. The children appeal. J.E. and Eric O., the alleged father of Claudia, join in and adopt the children's arguments. (Cal. Rules of Court, rule 8.200(a)(5).)[2]

### FACTS

On March 27, 2006, the Department took Claudia and Chloe into protective custody after police arrested J.E. and Chloe's father, Albert H., for domestic violence and resisting a police officer.[3] The Department filed dependency petitions on behalf of Claudia, then 12 years old, and Chloe, then

---

[1] Statutory references are to the Welfare and Institutions Code unless otherwise specified.

[2] Eric, who did not file a notice of appeal and is appearing here as a respondent, also requests that this court review the allegedly inadequate services afforded to him below. (§ 316.2.) We will not further address this request because as a respondent Eric lacks standing to assign error in this appeal concerning declaratory relief sought by the children. This issue may properly be raised in the juvenile court in the first instance.

[3] Albert is not a party to this appeal.

13 months old, alleging they were at substantial risk of harm because of their exposure to domestic violence, and J.E.'s and Albert's substance abuse. (§ 300, subd. (b).) Chloe had a positive toxicology screen for drugs at birth.

The juvenile court sustained the petitions as amended, declared Claudia and Chloe dependent children and removed them from parental custody. The court ordered J.E. and Albert to follow their case plans.

Because Claudia wanted to live with her mother and J.E. complied with her reunification services, the Department returned the children to her before the six-month review hearing. At the review hearing, the court placed Claudia and Chloe with J.E. under a family maintenance plan. Subsequently, the court allowed Albert to return to the home.

On June 4, 2007, at the 12-month review hearing, the court granted J.E. and Albert an additional six months of family maintenance.

However, on July 10 the Department filed a supplemental petition pursuant to section 387 on behalf of Claudia and Chloe, seeking to remove the children to a more restrictive placement. The petition alleged that J.E. and Albert had resumed their drug abuse and domestic violence, and Albert was verbally abusive toward Claudia. Claudia and Chloe had been removed a week earlier and placed in separate foster homes. The detention hearing for the children was originally scheduled for July 11, eight days after they were removed, and the matter was continued for an additional day at J.E.'s request.

At the July 12 detention hearing, Claudia's counsel informed the court that Claudia wanted to return home as soon as possible. The court ordered the children to be detained and remain in foster care.

On July 25 the court, at the request of the Department, dismissed the count involving J.E. in the supplemental petition and ordered Claudia and Chloe returned to her. The court noted J.E. had been doing well with her services since the time of the detention.

On October 19 the Department filed a second supplemental petition (§ 387), alleging J.E. had a drug relapse and was not adequately caring for the children. Claudia and Chloe had been removed from J.E.'s custody four days earlier.

At the October 22 detention hearing, the court detained Claudia and Chloe in a foster home in Calexico.

Also on October 22, counsel for Claudia and Chloe (hereafter children's counsel) sought a declaration from the juvenile court under Code of Civil Procedure section 1060, that the Department's procedure regarding the filing of supplemental petitions was illegal. The declaratory relief motion by children's counsel alleged that the Department had a policy of filing petitions as much as a week after removal despite the statutory requirement that petitions be filed within 48 hours after removal.[4] The motion sought "to end the controversy over what procedure is proper when a child is removed from one placement to a more restrictive placement. This issue is important and comes up on a regular basis. . . . It is the Public Defender Office's position that the social workers do not know the law regarding subsequent, supplemental and modification petitions. . . . [M]any of the social workers are of the erroneous belief that it is proper to remove a child to a more restrictive placement and then file a supplemental . . . petition a week or so later."

The Department opposed the motion for declaratory relief. Although acknowledging the section 387 petition was filed late because it was not filed within 48 hours of the children's removal, the Department argued below that a motion for declaratory relief under Code of Civil Procedure section 1060 is not available in juvenile court. The Department also pointed out that case law allows the juvenile court to proceed on a supplemental petition that is filed late.

On November 21 the court denied the motion for declaratory relief because "the proper remedy when the child is detained more than 48 hours before the filing [of the supplemental petition] is a writ of habeas corpus, which wasn't sought after in this case." The court also said that to obtain declaratory relief "you need to exhaust any possible remedies and that would have been the writ of habeas corpus."[5]

---

[4] Children's counsel also filed a motion for an order to transport Claudia to her school of origin; this motion alleged the Department had violated Education Code section 48853 by insisting Claudia attend school in Calexico rather than her school of origin, Brawley Union High School, which she had been attending since the beginning of the school year. This issue is now moot because the Department subsequently allowed Claudia to attend her school of origin. However, before that occurred, Claudia missed a week of school.

[5] The court relied on *Los Angeles County Dept. of Children's Services v. Superior Court* (1988) 200 Cal.App.3d 505, 508 [246 Cal.Rptr. 150]. We note the Court of Appeal did not state that habeas corpus was the exclusive remedy. (*Ibid.*)

## DISCUSSION

■ Children's counsel contends that the juvenile court erred by refusing to consider the motion for declaratory relief for an invalid reason—namely, there was no exhaustion of available remedies. We agree. Furthermore, we conclude declaratory relief is available in juvenile court if there is an actual controversy between the parties as required under the law.

### *Nature of Declaratory Relief*

■ Declaratory relief is an equitable remedy, which is available to an interested person in a case "of actual controversy relating to the legal rights and duties of the respective parties . . . ." (Code Civ. Proc., § 1060;[6] see *Dills v. Delira Corp.* (1956) 145 Cal.App.2d 124, 129 [302 P.2d 397].)

■ "The purpose of a declaratory judgment is to 'serve some practical end in quieting or stabilizing an uncertain or disputed jural relation.' " (*Maguire v. Hibernia S. & L. Soc.* (1944) 23 Cal.2d 719, 729 [146 P.2d 673].) "Another purpose is to liquidate doubts with respect to uncertainties or controversies which might otherwise result in subsequent litigation [citation]." (*Bess v. Park* (1955) 132 Cal.App.2d 49, 52 [281 P.2d 556].) The proper interpretation of a statute is a particularly appropriate subject for judicial resolution. (*Smith v. Anderson* (1967) 67 Cal.2d 635, 641, fn. 5 [63 Cal.Rptr. 391, 433 P.2d 183].) Additionally, judicial economy strongly supports the use of declaratory relief to avoid duplicative actions to challenge an agency's statutory interpretation or alleged policies. (*Bess v. Park, supra*, 132 Cal.App.2d at pp. 52–53; *Venice Town Council, Inc. v. City of Los Angeles* (1996) 47 Cal.App.4th 1547, 1566 [55 Cal.Rptr.2d 465].)

■ The remedy of declarative relief is cumulative and does not restrict any other remedy. (Code Civ. Proc., § 1062.) Accordingly, "it is difficult to see how a good complaint for declaratory relief can be deemed insufficient because some other remedy is available." (5 Witkin, Cal. Procedure (4th ed.

---

[6] California Code of Civil Procedure section 1060 provides in pertinent part: "Any person . . . who desires a declaration of his or her rights or duties with respect to another . . . may, in cases of actual controversy relating to the legal rights and duties of the respective parties, bring an original action or cross-complaint in the superior court for a declaration of his or her rights and duties . . . . He or she may ask for a declaration of rights or duties, either alone or with other relief; and the court may make a binding declaration of these rights or duties, whether or not further relief is or could be claimed at the time. The declaration may be either affirmative or negative in form and effect, and the declaration shall have the force of a final judgment. The declaration may be had before there has been any breach of the obligation in respect to which said declaration is sought."

1997) Pleading, § 822, p. 278; accord, *Filarsky v. Superior Court* (2002) 28 Cal.4th 419, 433 [121 Cal.Rptr.2d 844, 49 P.3d 194] ["mere circumstance that another remedy is available is an insufficient ground for refusing declaratory relief . . ."].) As the Court of Appeal noted in *Jones v. Robertson* (1947) 79 Cal.App.2d 813, 819–820 [180 P.2d 929]: " '[I]t is wrong for courts to decline a declaration on the mere ground that another remedy was available, for declaratory relief was not intended to be exclusive or extraordinary, but alternative and optional. It is only where the court believes that *more* effective relief can and should be obtained by another procedure and that for that reason a declaration will not serve a useful purpose, that it is justified in refusing a declaration because of the availability of another remedy.' "

We find the juvenile court erred by rejecting the motion for declaratory relief on the sole basis that counsel had not exhausted any possible remedies.

The Department defends the court's rationale for denying the declaratory relief motion on the basis that the court determined such relief was "not necessary or proper at the time under all the circumstances." (Code Civ. Proc., § 1061.) The Department's argument presumes that habeas corpus was a more "effective" vehicle for the sought-after relief. (See *Filarsky v. Superior Court, supra*, 28 Cal.4th at p. 433.) We are not persuaded. Children's counsel was not seeking release of the children to parental custody as a sanction for the Department's untimely filing of the petitions; rather, counsel was seeking a declaration that the Department had misconstrued the statutory time requirements and had an ongoing policy of filing supplemental petitions on a tardy basis. Under these circumstances, a writ of habeas corpus to release the children from protective custody would not have been a more effective remedy than declaratory relief. (*Jones v. Robertson, supra*, 79 Cal.App.2d at p. 819.)

### Declaratory Relief in Juvenile Court

The Department has maintained that the juvenile court is not a proper forum for declaratory relief on two grounds: (1) Code of Civil Procedure section 1060, the statutory fountainhead for declaratory relief, does not apply to juvenile dependency proceedings; and (2) the juvenile court does not otherwise have the inherent power to grant declaratory relief.

With respect to the nonapplication of Code of Civil Procedure section 1060, the Department relies on *In re Chantal S.* (1996) 13 Cal.4th 196, 200 [51 Cal.Rptr.2d 866, 913 P.2d 1075] (*Chantal S.*), in which our Supreme Court noted: "Dependency proceedings in the juvenile court are special proceedings

with their own set of rules, governed, in general, by the Welfare and Institutions Code." The Department further points out that the Legislature has not expressly made Code of Civil Procedure section 1060 applicable to juvenile court dependency proceedings and the statute did not appear to have been designed with the juvenile court in mind—factors referenced by the Supreme Court in *Chantal S., supra*, at page 208.

In our view, the Department has misread *Chantal S.* and the other cases it relies on, such as *In re Angela R.* (1989) 212 Cal.App.3d 257 [260 Cal.Rptr. 612]; *In re Jennifer R.* (1993) 14 Cal.App.4th 704 [17 Cal.Rptr.2d 759]; *In re Daniel S.* (2004) 115 Cal.App.4th 903, 911 [9 Cal.Rptr.3d 646]; and *In re Joshua G.* (2005) 129 Cal.App.4th 189 [28 Cal.Rptr.3d 213]. The Department has taken too narrow a view of the applicability of statutes outside of the Welfare and Institutions Code to dependency proceedings.

Recently in *In re Mark B.* (2007) 149 Cal.App.4th 61, 65, 74–80 [56 Cal.Rptr.3d 6977], the Court of Appeal held that Code of Civil Procedure section 128.7, which allows imposition of sanctions for frivolous filings, applies to juvenile court dependency proceedings. Of the several reasons that *In re Mark B.* offers for its holding, we find particularly instructive the rationale that the policy underlying the particular statute at issue "favors its use in dependency proceedings." (*In re Mark B., supra*, 149 Cal.App.4th at p. 76.) This rationale also applies to Code of Civil Procedure section 1060, by which the court declares the respective rights and duties between parties in actual controversies.

Dependency proceedings are part of a comprehensive statutory scheme geared toward expediency, largely to serve the dependent child's best interests. (*In re Merenda P.* (1997) 56 Cal.App.4th 1143, 1152 [65 Cal.Rptr.2d 913].) "Of the many private and public concerns which collide in a dependency proceeding, time is among the most important." (*Ibid.*) If the juvenile court is presented with a " 'recurring [problem] involving the interpretation of a statute' " by a child welfare agency, the dependency system is better served if the court can provide declaratory relief and thereby avoid " 'a multiplicity of actions going to the same point.' " (*Bess v. Park, supra*, 132 Cal.App.2d at p. 53.) " '[D]eclaratory relief being an equitable proceeding the trial court can in its discretion grant that relief in order to liquidate uncertainties and controversies which might result in future litigation especially where the interpretation of a statute is the subject of the dispute.' " (*Ibid.*)

Here, where it is claimed that the Department allegedly has a lackadaisical or laissez faire practice of filing supplemental petitions that ignores the time requirements for filing supplemental petitions to the detriment of school-age dependent children (see fn. 4, *ante*), declaratory relief by the juvenile court

would not only serve the purpose of expediting the dependency proceedings, but also further the best interests of dependent children, which is of paramount concern. (§ 202.) In this context, there is no showing that Code of Civil Procedure section 1060 is inconsistent with the child dependency system. To the contrary, we conclude that the policy underlying Code of Civil Procedure section 1060 "favors its use in dependency proceedings." (*In re Mark B., supra*, 149 Cal.App.4th at p. 76.)

■ Contrary to the Department's position, the better view is that application of a statute outside the Welfare and Institutions Code (and not expressly made applicable) is *not* necessarily barred from dependency proceedings. Courts should determine whether the statute at issue is consistent with the overall purposes of the dependency system. (See *Chantal S., supra*, 13 Cal.4th at p. 207 [finding application of a specific statute in the Family Code would produce results inconsistent with purposes of dependency law].)

It is important to keep in mind that the observation in *Chantal S., supra*, 13 Cal.4th at page 200, that dependency proceedings are governed by the Welfare and Institutions Code was expressly a *general* one, and the high court held only that a particular statute—Family Code section 3190—did not apply in dependency cases. *Chantal S.* does not stand for a blanket exclusion of all statutes not found in the Welfare and Institutions Code in dependency cases unless they are expressly made applicable. Nor do the progeny of *Chantal S.*

In *In re Angela R., supra*, 212 Cal.App.3d at page 273, we held Code of Civil Procedure section 585, which governs defaults in civil "actions," did not apply in a proceeding for freedom from parental control and custody brought under Civil Code former section 232. We noted: "A proceeding for freedom from parental control and custody is not an 'action' but rather a 'special proceeding' created by statute." (212 Cal.App.3d at p. 273.) Our observation that such "proceedings are not subject to the provisions of the Code of Civil Procedure relating to the trial of civil actions except where— unlike here—such provisions are specifically made applicable" was dicta. (*Ibid.*)

In *In re Jennifer R., supra*, 14 Cal.App.4th at pages 711 to 713, this court held that Civil Code former section 4600 et seq. relating to custody and visitation in marriage dissolution cases did not apply in dependency cases.

We explained in part: "The application of Civil Code section 4600.5, subdivision (a)'s presumption that joint custody is in the best interest of the minor is inconsistent with the purposes of the juvenile court." (*In re Jennifer R., supra*, 14 Cal.App.4th at p. 712.)

In *In re Daniel S., supra*, 115 Cal.App.4th at page 911, another case from our court, we restated the dicta of *In re Angela R., supra*, 212 Cal.App.3d at page 273 and *In re Jennifer R., supra*, 14 Cal.App.4th at page 711, that dependency proceedings are governed by their own rules and statutes. Nonetheless, we went on to rely on Code of Civil Procedure section 416.70, which addresses services of summons on a conservatee, for guidance in deciding an issue presented by the case. (*In re Daniel S., supra*, 115 Cal.App.4th at p. 911.)

In *In re Joshua G., supra*, 129 Cal.App.4th at page 198, we found Code of Civil Procedure section 128, subdivision (a)(8) was not applicable because it was outside the Welfare and Institutions Code and was not expressly made applicable to dependency proceedings. However, we pointed out that no objection to the statute's applicability was lodged below. (*In re Joshua G., supra*, 129 Cal.App.4th at p. 198.) We went on to discuss the merits of the motion brought under Code of Civil Procedure section 128, subdivision (a)(8) and found the juvenile court did not abuse its discretion in denying the motion. (*In re Joshua G., supra*, 129 Cal.App.4th at pp. 198–200.) Thus, our discussion of the inapplicability of Code of Civil Procedure section 128, subdivision (a)(8) to dependency cases was dicta.

Furthermore, regardless of the applicability of Code of Civil Procedure section 1060 to juvenile dependency proceedings, we find the juvenile court has the inherent power to issue declaratory relief in such proceedings. Under article VI, section 1 of the California Constitution, all courts have the inherent powers to enable them to carry out their duties and ensure the orderly administration of justice. (See *In re Amber S.* (1993) 15 Cal.App.4th 1260, 1264 [19 Cal.Rptr.2d 404].) We conclude the juvenile court's inherent power under the California Constitution extends to granting declaratory relief in dependency proceedings to further the goals of dependency law. (See § 202.)

In sum, we find the juvenile court has the authority to grant declaratory relief in a case such as this in which it is alleged that the Department has a policy of untimely filing supplemental petitions in contravention of statutory requirements. Moreover, on a case by case basis declaratory relief better serves the juvenile dependency system than habeas corpus relief—a time-consuming process that is inimical to the expedient processing of cases and one which most likely will be impractical in the crowded dependency system.

*The Existence of an Actual Controversy*

■ The question remains whether there was an actual controversy. Declaratory relief is not available unless there is a real dispute between parties, "involving justiciable questions relating to their rights and obligations." (*Wilson v. Transit Authority* (1962) 199 Cal.App.2d 716, 722 [19 Cal.Rptr. 59], italics omitted.) "The fundamental basis of declaratory relief is an actual, present controversy." (*Friends of the Trails v. Blasius* (2000) 78 Cal.App.4th 810, 831 [93 Cal.Rptr.2d 193].) An actual controversy is "one which admits of definitive and conclusive relief by judgment within the field of judicial administration, as distinguished from an advisory opinion upon a particular or hypothetical state of facts. The judgment must decree, not suggest, what the parties may or may not do." (*Selby Realty Co. v. City of San Buenaventura* (1973) 10 Cal.3d 110, 117 [109 Cal.Rptr. 799, 514 P.2d 111].)

Children's counsel sought declaratory relief because the Department did not timely file the section 387 supplemental petitions. In the first instance, the supplemental petition was not filed until a week after the children were removed. In the second instance, the supplemental petition was not filed until the fourth day after the removal. Putting aside quibbling by appellate counsel over semantics, the law is clear that, when a child is removed from parental custody, the child welfare agency must file a petition within 48 hours of the removal. (§§ 311, 313, 315; see also *Cynthia D. v. Superior Court* (1993) 5 Cal.4th 242, 248 [19 Cal.Rptr.2d 698, 851 P.2d 1307].)[7] The Department has agreed this is the law and acknowledged that the supplemental petitions were untimely filed; hence, on this point there was not an *actual* controversy.

However, children's counsel raised another point by alleging the Department has a policy of filing supplemental petitions in a tardy fashion—sometimes as late as a week after the removal. Department has denied any such policy. This constitutes an actual controversy. "An action for declaratory relief lies when the parties . . . dispute whether a public entity has engaged in conduct or established policies in violation of applicable law." (*Alameda County Land Use Assn. v. City of Hayward* (1995) 38 Cal.App.4th 1716, 1723 [45 Cal.Rptr.2d 752].) Accordingly, we reverse and remand the matter to the juvenile court to conduct a hearing on children's counsel's motion for declaratory relief on the merits.

---

[7] The law is also clear that the detention hearing must be held within one day of the filing of the petition, excluding nonjudicial days. (§ 315.)

## DISPOSITION

The order denying the motion for declaratory relief is reversed, and the matter is remanded to the juvenile court for further proceedings in accordance with the views expressed in this opinion.

Nares, J., and Irion, J., concurred.

The petition of respondent Imperial County Department of Social Services for review by the Supreme Court was denied August 27, 2008, S165098.