Filed 1/18/24  Ilumin v. Leach CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| SEAN ILUMIN et al.,<br><br>     Plaintiffs and Appellants,<br><br>v.<br><br>RUSSEL G. LEACH et al.,<br><br>     Defendants and Respondents;<br><br>PATRICK SULLIVAN et al.,<br><br>     Defendants. | A167483<br><br>(City and County of San Francisco<br>Super. Ct. No. CGC-19-576664) |

Three tenants sued their former landlords asserting a single cause of action for declaratory relief that alleges, among other theories, that two provisions contained in the standard form of rental agreement they signed are invalid and unenforceable:  a mediation clause and a $1,000 limitation on otherwise recoverable attorney fees.  The tenants allege they have meritorious damages claims against their landlords arising from uninhabitable conditions that culminated with their allegedly wrongful eviction but that these lease provisions have impeded their ability to hire counsel to pursue their claims.  They seek a declaratory judgment that those contractual provisions are invalid and unenforceable.

1

The trial court sustained the landlords' demurrer without leave to amend on the ground that the tenants have failed to state a cognizable claim for declaratory relief. We reverse.

## BACKGROUND

### A.

Our recitation of the facts is based upon the standard governing our review of an order sustaining a demurrer, which requires us to " 'accept as true all material facts properly pled and matters which may be judicially noticed but disregard contentions, deductions or conclusions of fact or law.' " (*290 Division (EAT), LLC v. City and County of San Francisco* (2022) 86 Cal.App.5th 439, 450 (*290 Division (EAT)*).) In so doing, we must " 'give the complaint a reasonable interpretation, reading it as a whole and its parts in their context.' " (*Ibid.*)

### B.

In February 2018, Sean Ilumin, Tarika Hamilton and Roberto Espinoza ("tenants") entered into a written lease to rent a residence located in San Francisco owned by Russell and Mary Leach ("landlords"), by and through the Leaches' property manager, Patrick Sullivan.

The lease is a pre-printed standard form promulgated by the California Association of Realtors. It includes a mandatory mediation provision which, in relevant part, requires the parties to "mediate any dispute or claim arising between them out of this Agreement . . . before resorting to court action," and requires "mediation fees, if any, to be divided equally among the parties involved." The mediation provision also states that "If, for any dispute or claim to which this paragraph applies, any party commences an action without first attempting to resolve the matter through mediation, or refuses to mediate after a request has been made, then than party shall not be

2

entitled to recover attorney fees, even if they would otherwise be available to that party in such action."

The lease also contains an attorney fee clause. It states: "In any action or proceeding arising out of this Agreement, the prevailing party between Landlord and Tenant shall be entitled to reasonable attorney fees and costs, collectively not to exceed $1,000 (or _____), except as provided in paragraph 42A [governing mediation]."

In November, about nine months into the lease term, the rental property experienced severe flooding. This precipitated months of disputes between the tenants and landlords over property damage, continued leaks, the adequacy of the landlords' attempts to repair and remediate the situation, rent reduction issues and concerns over habitability of the premises. The local department of building inspection issued numerous notices of violation and none were abated, and no leaks were ever fixed. In February 2019, nine days after a building inspector confirmed the existence of continued leaking after a heavy rainstorm, the landlords' attorney notified the tenants their lease would expire at the end of the month, giving the landlords the right to recover possession. Believing it was no longer safe to live there and that they had been constructively evicted, the tenants surrendered possession.

The tenants believe their landlords' actions have caused them significant damage, both economic and non-economic, and that they have numerous viable legal claims against their landlords including torts, statutory violations and violations of local ordinances. Their landlords have demanded the tenants mediate and pay one half of the mediation costs.

The tenants want to file suit to pursue their claims but are prevented from doing so because of the mediation and attorney fee clauses, both of which make it unaffordable for them to pursue their claims. Reasonably

3

construed, their complaint alleges they can't afford to split the fees of mediation. And their landlords are asserting that the attorney fee clause limits all potentially recoverable attorney fees to $1,000.

The tenants filed suit alleging a single cause of action for declaratory relief, in a 31-page verified complaint, based on allegations concerning their inability to pursue relief against their landlord on the merits due to the terms of the written lease. They seek a declaration that: (1) the lease is void due to fraud; (2) the $1,000 cap on recoverable attorney fees applies only to breach of contract claims and not attorney fees recoverable by statute; (3) the $1,000 cap on recoverable attorney fees is unconscionable; (4) the provision waiving recoverable attorney fees for refusal to mediate is void under Civil Code section 1717; and (5) the filing of their declaratory relief complaint does not breach the mediation clause or, alternatively, even if it does, they have not waived their right to recover attorney fees.

The landlords demurred on the ground the complaint fails to state a cause of action, for multiple reasons. Among others, they asserted that both the mediation clause and the $1,000 cap on attorney fees are valid and enforceable, the lease is not unconscionable, and declaratory relief was not an appropriate remedy. The trial court asked for, and received, supplemental briefing on "contractual limitations on [a party's] ability to recover attorney's fees authorized by statutes." In supplemental briefing, the tenants asserted that that statutory attorney fees under two tenant protection statutes they allege were violated, Civil Code sections 1942.4 and 1942.5, are not waivable by private agreement.

The trial court sustained the demurrer without leave to amend. The sole focus of the hearing was the availability of declaratory relief, with the court expressing the view the tenants were improperly asking for an advisory

4

opinion and "the court's not going to do that in this instance."  The court remarked that "after the case is over, that's when we usually . . . make determinations regarding attorney's fees. . . .  I've had thousands of attorney's fees motions over the last 40 years. I have.  And it's when something is final."  Its written order cites section 1061 of the Code of Civil Procedure as the basis for its ruling.  That statute states: "The court may refuse to exercise the power granted by this chapter in any case where its declaration or determination is not necessary or proper at the time under all the circumstances."  (Code Civ. Proc., § 1061.)

The tenants then appealed the order sustaining the demurrer; we directed them to procure an appealable judgment of dismissal; and they did so.  We construe the appeal as having been timely taken from the subsequently entered judgment.  (See *K.J. v. Los Angeles Unified School Dist.* (2020) 8 Cal.5th 875, 883-883; *Ross v. Creel Printing & Publishing Co.* (2002) 100 Cal.App.4th 736, 741, fn. 2.)

## DISCUSSION

The tenants' briefing contains many arguments that are difficult to understand, many that are not accompanied by a required argument heading, and many that are simply too undeveloped for us to consider.  For example, captioned under the first argument heading "California Law Recognizes That the Mere Possibility of Winning Attorney's Fees Is A Condition to Exercising the Right to Trial," are four pages of discussion of general legal principles concerning various subjects with no analysis of how any of the principles apply here, and a concluding assertion that the trial court failed to accept as true the tenants' allegations that they couldn't afford to file suit because of the contractual restriction on recoverable attorney fees.  Another argument, captioned under a heading "The Court Ignored Civil Code

5

Section 1558," is a one-half-page argument asserting the entire lease is void because it does not identify an existing landlord; the argument is supported by no factual analysis and no legal authority other than the statutory text[1] (see Civ. Code, § 1558 ["It is essential to the validity of a contract, not only that the parties should exist, but that it should be possible to identify them"]). That section then devolves into one-and-a-half pages of discussion of principles governing abuse of discretion review and stray points concerning the availability declaratory relief. The brief contains scattershot references to violations of the right to a jury trial and many other arguments taking issue with the trial court's reasoning.

We disregard all such contentions. " 'In order to demonstrate error, an appellant must supply the reviewing court with some cogent argument supported by legal analysis and citation to the record.' " (*United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 146.) "Mere suggestions of error without supporting argument or authority other than general abstract principles do not properly present grounds for appellate review." (*Department of Alcoholic Beverage Control v. Alcoholic Beverage Control Appeals Bd.* (2002) 100 Cal.App.4th 1066, 1078.) Furthermore, each point raised must be identified by an argument heading so that we are " ' "advised, as [we] read, of the exact question under consideration, instead of being compelled to extricate it from the mass." ' " (*United Grand*, at p. 153.) Further, the trial court's reasoning is irrelevant. " ' "To justify a reversal, it

---

[1] The lease identifies "Liberty Realty Property Management" as the landlord. The complaint alleges that entity is a fictitious entity registered by defendant Patrick Sullivan whom the complaint alleges is the real estate broker "who served as a manager of the Property for the benefit of defendants R[ussell] Leach and M[ary] Leach," the owners of the property.

is incumbent upon the appellant to show an erroneous ruling, and not merely bad reasoning or mistaken views of the law." ' " (*Doe v. McLaughlin* (2022) 83 Cal.App.5th 640, 654.) We are exercising our discretion to consider arguments for which we can discern a coherent legal or factual basis in the briefs, but "[a]ny arguments not discussed in this opinion are deemed forfeited." (*United Grand*, at p. 153.)

With that in mind, we understand the tenants to contend the trial court erred in sustaining the demurrer for two reasons: (1) the mediation clause and the attorney fees provisions violate public policy, and thus are void, to the extent they require mediation before filing suit and also waive or limit the amount of attorney fees recoverable under Civil Code sections 1942.4 and 1942.5; and (2) the court abused its discretion in sustaining the demurrer on the ground that tenants were merely seeking an advisory opinion and declaratory relief was not an appropriate remedy. We conclude the court abused its discretion because tenants' uncertainty about whether the mediation provision and attorney fee limitations are valid prevented them from filing a lawsuit on the merits, and thus there is an actual controversy for which it is necessary and proper to obtain a declaration of their rights.

## I.

### *Standard of Review*

"We review an order sustaining a demurrer de novo and exercise our independent judgment as to whether the complaint states a cause of action as a matter of law." (*290 Division (EAT)*, *supra*, 86 Cal.App.5th at p. 450.) As previously noted, we accept as true all properly pleaded facts. (*Ibid*.)

Furthermore, " '[w]hen a demurrer is sustained without leave to amend, it is the duty of the reviewing court to decide whether there is a reasonable possibility that the defect can be cured by amendment. If it can,

7

the trial court abused its discretion and we must reverse.  If it cannot be reasonably cured, there has been no abuse of discretion.  [Citation.]  It is the plaintiff's burden to show the reviewing court how the complaint can be amended to state a cause of action.' " (*290 Division (EAT), supra*, 86 Cal.App.5th at p. 450.)

A demurrer does not lie to challenge a cause of action that is only partially defective; the appropriate vehicle for challenging the legal sufficiency of a portion of a cause of action is a motion to strike.  (See *Moran v. Prime Healthcare Management, Inc.* (2023) 94 Cal.App.5th 166, 174.)  If any of the factual allegations are sufficient to state a cause of action, the demurrer should be overruled.  (See, e.g., *Olson v. Hornbrook Community Services Dist.* (2019) 33 Cal.App.5th 502, 522, fn. 9; accord, *Selby Realty Co. v. City of San Buenaventura* (1973) 10 Cal.3d 110, 123 [Noting "well accepted principle that against a general demurrer the only requirement is that upon a consideration of all the facts stated it must appear plaintiff is entitled to some relief, notwithstanding that the facts may be inartfully stated, or may be intermingled with a statement of other facts irrelevant to the cause of action"].)

"In ruling on a demurrer to a complaint for declaratory relief, doubts regarding the propriety of a declaratory judgment are generally resolved in favor of the plaintiff."  (*Widders v. Furchtenicht* (2008) 167 Cal.App.4th 769, 776.)

## II.

### *Declaratory Relief*

" ' " 'The fundamental basis of declaratory relief is the existence of an actual, present controversy over a proper subject.' " ' " (*In re Tobacco Cases II* (2015) 240 Cal.App.4th 779, 804.)  In relevant part, Code of Civil Procedure

8

section 1060 states:  "Any person interested . . . under a contract, or who desires a declaration of his or her rights or duties with respect to another . . . may, *in cases of actual controversy* relating to the legal rights and duties of the respective parties, bring an original action or cross-complaint in the superior court for a declaration of his or her rights and duties in the premises, including a determination of any question of construction or validity arising under the instrument or contract."  (Code Civ. Proc., § 1060, italics added.)  It further states that "He or she may ask for a declaration of rights or duties, either alone or with other relief; and the court may make a binding declaration of these rights or duties, whether or not further relief is or could be claimed at the time. . . .  The declaration may be had before there has been any breach of the obligation in respect to which said declaration is sought."  (*Ibid*.)  "Whether a claim presents an 'actual controversy' within the meaning of Code of Civil Procedure section 1060 is a question of law that we review de novo."  (*Envt'l Defense Project of Sierra County v. County of Sierra* (2008) 158 Cal.App.4th 877, 885.)  "[A] 'complaint for declaratory relief is legally sufficient if it sets forth facts showing the existence of an actual controversy relating to the legal rights and duties of the parties.' "  (*In re Tobacco Cases II*, *supra,* 240 Cal.App.4th at p. 804.)

Even if a complaint's allegations are sufficient to state a cause of action for declaratory relief, however, "[d]eclaratory relief . . . may be refused in the discretion of the trial court" under Code of Civil Procedure section 1061, as the trial court did here.  (*Moss v. Moss* (1942) 20 Cal.2d 640, 642 (*Moss*).)  As noted, it states:  "The court may refuse to exercise the power granted by this chapter *in any case where its declaration or determination is not necessary or proper at the time under all the circumstances*."  (Code Civ. Proc., § 1061, italics added.)  Nevertheless, "the mere circumstance that another remedy is

9

available is an insufficient ground for refusing declaratory relief, and doubts regarding the propriety of an action for declaratory relief pursuant to Code of Civil Procedure section 1060 generally are resolved in favor of granting relief." (*Filarsky v. Superior Court* (2002) 28 Cal.4th 419, 433.)

The tenants' appellate briefing conflates the legal elements for securing declaratory relief (Code Civ. Proc., § 1060) with the court's discretion to withhold it (*id.*, § 1061), but they address both points in substance and so will we.

Here, the initial question properly framed is whether the complaint sufficiently alleges the existence of an "actual controversy." (See *Moss, supra*, 20 Cal.2d at pp. 641–642; *Envt'l Defense Project of Sierra County v. County of Sierra, supra*, 158 Cal.App.4th at p. 885.)

The tenants argue that it does. They argue they are not seeking an advisory opinion but, rather, there is an actual controversy concerning the validity of the contract and the enforceability of various of its provisions. They allege they were wrongfully evicted and suffered other wrongs, and yet a dispute about the validity of the lease's pre-dispute mediation clause and limitation on attorney fees have prevented them from bringing suit. We agree.

" 'The "actual controversy" referred to in this statute is one which admits of definitive and conclusive relief by judgment within the field of judicial administration, as distinguished from an advisory opinion upon a particular or hypothetical state of facts.' " (*Baxter Healthcare Corp. v. Denton* (2004) 120 Cal.App.4th 333, 360.) There is no question that standard is met where parties disagree about the validity of contractual pre-dispute resolution rights or remedies. (See *Meyer v. Sprint Spectrum L.P.* (2009) 45 Cal.4th 634, 648 (*Sprint*) [holding "there is no doubt that a present

10

controversy exists" under Code of Civil Procedure section 1060 where plaintiffs and cellular service provider disputed whether pre-dispute arbitration provision and other remedial provisions of consumer cellular service contract were illegal and unenforceable].)

Here, there is an actual controversy regarding the validity of the lease as a whole and the interpretation and enforceability of two of its provisions, all of which bear on the plaintiffs' present ability to seek judicial redress for alleged wrongs committed by their landlords during the period of their tenancy. They have damages claims they wish to pursue in court—including statutory claims that would otherwise allow for the recovery of attorney fees (see Civ. Code, §§ 1942.4, subd. (b)(2), 1942.5, subd. (i))— but the landlords assert the mediation clause is enforceable and applies to the dispute, and that its breach will result in waiver of all potentially recoverable attorney fees, and that attorney fees are in any case limited to $1,000. The tenants, on the other hand, contend the mediation clause as a whole is not enforceable, but that even if is, the $1,000 fee limitation is not enforceable. That is an actual controversy. (See *Sprint, supra,* 45 Cal.4th at p. 648.)

The landlords argue the tenants did not plead a cause of action alleging the landlords violated Civil Code sections 1942.4 or 1942.5, which shows they were seeking only an advisory opinion because it was "premature for the trial court to rule on [their] ability to recover attorneys' fees on causes of action which had not been pleaded." That is an overly cramped reading of the complaint which alleges, among other facts, that "Defendants are liable to the Plaintiffs for numerous torts, including, but not limited to: (1) Collection of Rent for Untenantable Dwelling, Civil Code §§ 1941 and 1942.4; [and] (2) Retaliation in violation of Civil Code § 1942.5." The landlords cite no authority suggesting that the existence of an actual controversy was required

11

to be alleged with greater specificity.  Nor do the landlords proffer any other reason there is no "actual controversy" under the circumstances alleged.  We conclude the tenants have adequately alleged the existence of numerous actual controversies under the lease.

This brings us to whether the court abused its discretion in sustaining the demurrer on the ground declaratory relief is not "necessary or proper." (Code of Civ. Proc., § 1061.)  Here again, the tenants' briefing on this point is not well-developed and somewhat unfocused, but nevertheless we are persuaded that the court erred.

Quoting the Supreme Court's decision in *Sprint*, *supra*, 45 Cal.4th 634, the tenants assert that " 'One test of the right to institute proceedings for declaratory judgment is the necessity of present adjudication as a guide for plaintiff's future conduct in order to preserve his legal rights.' " (*Id.* at p. 647.)  They assert that *before bringing suit*, they need to know whether their potentially recoverable attorney fees would be limited to $1,000, because if the contractual limitation on recoverable attorney fees is enforceable then, as a practical matter, they cannot file suit for damages. They also argue they need to know if they are bound by the mediation provision because they "did not want to mediate, could not pay for mediation, and could not file a complaint for damages if their right to attorney's fees was limited to $1,000."  We agree that the court had no discretion in these circumstances to conclude that declaratory relief was not "necessary or proper."

The Supreme Court decision the tenants cite, *Sprint*, *supra*, 45 Cal.4th 634, is instructive.  In that case, customers sued a cellular telephone company alleging that certain provisions of the company's customer service agreement were unconscionable and illegal, including a

binding arbitration provision and a waiver of the right to pursue class action relief, but they did not allege the provisions had been enforced against them or had otherwise caused them any harm.  (*Id.* at pp. 638–639.)  The trial court sustained a demurrer without leave to amend to their declaratory relief cause of action, and the Supreme Court held there was no abuse of discretion in ruling that declaratory relief was not appropriate under these circumstances.  (*Id.* at p. 638.)

As previously noted, the Supreme Court held that there was an actual controversy about the validity of the various remedial provisions, just as there is here.  (See *Sprint, supra*, 45 Cal.4th at p. 648.)  *Sprint* also made the point that a court's discretion under Code of Civil Procedure section 1061 "is not boundless."  (*Sprint,* at p. 647.)  " ' Where . . . a case is properly before the trial court, under a complaint which is legally sufficient and sets forth facts and circumstances showing that a declaratory adjudication is entirely appropriate, the trial court may not properly refuse to assume jurisdiction . . . .' "  (*Sprint*, at p. 647, quoting *Columbia Pictures v. DeToth* (1945) 26 Cal.2d 753, 762.)  But it reasoned that "declaratory relief is designed in large part as a practical means of resolving controversies, so that parties can conform their conduct to the law and prevent future litigation."  (*Sprint,* at p. 648.)  It observed that "[t]here may indeed be cases in which the settlement of questions of the validity of contractual remedies has practical consequences."  (*Ibid.*)  But, it explained, "when resolution of the controversy over future remedies would have little practical effect in terms of altering parties' behavior, courts have considerable discretion, pursuant to Code of Civil Procedure section 1061, to deny declaratory relief because it 'is not necessary or proper at the time under all the circumstances.' "  (*Ibid.*)

The Court upheld the rejection of the declaratory relief cause of action because the consumers did not allege "with any particularity" that resolution of the dispute over the enforceability of the arbitration provision or other contractual remedies provisions "would, at this point, have any practical consequences." (*Sprint, supra*, 45 Cal.4th at p. 648.) It observed that "*[n]o dispute has arisen that would cause these remedial provisions to come into play*" nor was there any other practical consequence alleged. (*Ibid.*, italics added.)

Here, the opposite is true. The remedial provisions of the lease are very much in play because the parties are disputing whether the tenants must comply with them as a condition of bringing suit or else forfeit their right to recover any attorney fees. They also dispute whether the $1,000 limit on otherwise recoverable attorney fees applies to statutory attorney fees. And both questions are alleged to directly impact the tenants' ability to hire counsel to file a lawsuit on the merits. Thus, the present case is precisely the kind of situation contemplated by *Sprint* "in which the settlement of questions of the validity of contractual remedies has practical consequences." (*Sprint, supra*, 45 Cal.4th at p. 648)

Another case tenants say is applicable is *Bess v. Park* (1955) 132 Cal.App.2d 49 (*Bess*), which upheld a judgment awarding declaratory relief and the Supreme Court cited with approval in *Sprint*. (See *Sprint, supra*, 45 Cal.4th at p. 647 [noting one purpose of declaratory relief is "to liquidate doubts with respect to uncertainties or controversies which might otherwise result in subsequent litigation' "], quoting *Bess*, at p. 52.)

Although the tenants do not really analyze *Bess*, we find it illustrative because at issue there, similar to *Sprint*, was another controversy over pre-dispute resolution procedures. In *Bess*, an employment agency had a

14

contractual claim for unpaid fees against a client for whom it had secured a job opportunity but was statutorily required under the Labor Code to exhaust its administrative remedies before filing suit. (See *Bess, supra,* 132 Cal.App.2d at pp. 50–51.) The labor commissioner, however, refused to hear the dispute for 90 days (for policy reasons that are immaterial). (*Id.* at p. 51.) The employment agency filed suit against the labor commissioner and obtained a favorable declaratory judgment that the commissioner had no power to arbitrarily refuse to hear such a dispute or postpone an award for the payment of unpaid fees. (*Id.* at p. 52.)

The appellate court affirmed, holding that declaratory relief was proper in these circumstances. As relevant here, it explained that the availability of other potential remedies (there, the possibility of seeking mandamus relief to compel the labor commissioner to act) did not deprive courts of discretion to grant declaratory relief. (*Bess, supra,* 132 Cal.App.2d at p. 54.) And in affirming the declaratory judgment, *Bess* specifically observed that "the provisional remedies of suit, attachment and garnishment are unavailable to the [employment] agency [against its client] until it is authorized to institute an action at law following the labor commissioner's award." (*Id.* at p. 54.) Thus, at bottom, the controversy for which declaratory relief was sought created an obstacle to the aggrieved party's ability to file a lawsuit on the merits to address past wrongs, just as it does here.

Finally, also instructive is *Columbia Pictures Corp. v. DeToth* (1945) 26 Cal.2d 753 (*Columbia Pictures*), a decision *Sprint* cited concerning the limits of a trial court's discretion.[2] In that case, a movie director allegedly

---

[2] *Columbia Pictures* is also discussed extensively in another appellate decision both parties cite and discuss, *Osseous Technologies of America, Inc. v. DiscoveryOrtho Partners LLC* (2010) 191 Cal.App.4th 357, 369–370.

refused to continue working for a movie studio on the ground the parties' oral contract was void and unenforceable. In the midst of the dispute, the movie studio sought declaratory relief concerning the contract's validity, and the Supreme Court held the trial court had abused its discretion in sustaining a demurrer without leave to amend that claim. (*Columbia Pictures*, at pp. 757–758.) The Court held there was an actual controversy because the director maintained he was no longer bound by the agreement whereas the movie studio contended that he was. (*Id*. at p. 758.) With regard to the court's discretionary powers, the Supreme Court held that the facts that a cause of action for breach had already accrued and that the studio may have had other remedies were factors to be considered but they were not a basis to deny relief. (*Id*. at p. 761.) It explained that a declaratory relief cause of action "is not barred by the fact that the contract sued upon may have already been breached and that . . . alternative remedies are available." (*Ibid*.) It reiterated the principle that "before declaratory relief may be denied on the ground of the existence of other remedies, 'it must *clearly* appear that the asserted alternative remedies are available to the plaintiff and that they are *speedy and adequate or as well suited to the plaintiff's needs as declaratory relief*.' " (*Ibid*., italics added.) The Court explained that standard was not met because the complaint's allegations "do not necessarily show that the remedy of declaratory relief may not have been better suited to [the movie studio's] needs" than other remedies. (*Ibid*.) Stressing that the trial court's wide discretion under the declaratory relief statutes "is not unlimited," is judicially reviewable by the appellate courts, and "must be bottomed upon good reason," the Supreme Court held the movie studio's complaint was sufficient to allege a cause of action for declaratory relief and

16

not vulnerable to a general demurrer.  (*Id*. at p. 762.)  Accordingly, the trial court had erred in rejecting the cause of action.

Here, just as in *Columbia Pictures*, the complaint's allegations do not "clearly" show that alternative remedies for the tenants are available, speedy and adequate.  (*Columbia Pictures*, *supra,* 26 Cal.2d at p. 761).  Indeed, the complaint's allegations clearly show they are *not*, because the whole point of the tenants' declaratory relief claim is to enable them to pursue a judicial remedy they might not otherwise be able to pursue; if anything, these circumstances present an even greater reason to reverse than in *Columbia Pictures*.  Further, as in *Columbia Pictures*, the tenants need to know whether the lease (or portions of it) are valid and enforceable because the answer will impact their future course of action.

Taken together, these authorities compel the conclusion that the trial court did not exercise its discretion in a manner that was "controlled in a great measure by legal principles" and "bottomed upon good reason." (*Columbia Pictures*, *supra*, 26 Cal.2d at p. 762.)  The court abused its discretion in concluding declaratory relief was not "necessary or proper" under Code of Civil Procedure section 1061.

The landlords argue that all that the tenants are trying to do is seek redress for past wrongdoing, which is not an appropriate subject for declaratory relief.  (See *Cardellini v. Casey* (1986) 181 Cal.App.3d 389, 395–397; *Baldwin v. Marina City Properties, Inc.* (1978) 79 Cal.App.3d 393, 407–408.)  But as their cited authority acknowledges, "[i]f there is a controversy which calls for a declaration of rights, *it is no objection that past wrongs are also to be redressed*."  (*Baldwin*, at p. 407, italics added.)

And that is not even what is happening here.  It is true that the tenants allege they have various accrued causes of action against the

17

landlords.  But they are not seeking redress in this lawsuit for any of them.

As explained, they are seeking declaratory relief *on a prospective basis*

concerning their pre-filing procedural rights and obligations concerning those

claims, the resolution of which will guide their litigation decisions and

conduct.  Unlike in the authority the landlords cite which involved no

continuing relationship between the parties (see *Cardellini, supra*,

181 Cal.App.3d at pp. 396–397 [dispute concerning validity of municipal fee

paid under protest]; *Baldwin, supra*, 79 Cal.App.3d at pp. 406-408 [dispute

concerning past capital contribution made by general partner that allegedly

harmed third-party secured creditor of limited partner]), this declaratory

relief claim concerns a controversy over the parties' *future* rights and

obligations to each other.  Resolution of that controversy would have actual,

"practical consequences." (*Sprint, supra*, 45 Cal.4th at p. 648.)

In sum, the court erred in sustaining the demurrer.  The tenants have

stated a cause of action for declaratory relief.  (See *Columbia Pictures, supra*,

26 Cal.2d at p. 762.)

Our conclusion that the complaint adequately states a cause of action

for declaratory relief makes it unnecessary for us to address the merits of the

controversy between the parties.  (See *Maguire v. Hibernia Savings & Loan

Soc.* (1944) 23 Cal.2d 719, 728–729, 737; accord, *Columbia Pictures, supra,*

26 Cal.2d at p. 760.)  The purpose of declaratory relief is merely to serve the

practical goal of resolving uncertainty concerning the parties' respective

rights and duties, and so a plaintiff is entitled to a declaration of his rights

whether it is favorable or not.

## DISPOSITION

The judgment is reversed.  Appellants shall recover their costs.

18

                                                        STEWART, P. J.

WE CONCUR:


MILLER, J.


MARKMAN, J.*

---

        * Judge of the Superior Court of California, County of Alameda, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

19